SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Gregg M. Galardi
J. Gregory St. Clair

Proposed Counsel for Debtors and
 Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
In re:                                : Chapter 11
                                      :
CIT GROUP INC.,                       : Case No. 09-16565
                                      :
        Debtor.                       :
                                      :
------------------------------------- x
                                      :
In re:                                : Chapter 11
                                      :
CIT GROUP FUNDING COMPANY OF          : Case No. 09-16566
DELAWARE LLC,                         :
                                      :
        Debtor.                       :
                                      :
------------------------------------- x

**DEBTORS' MOTION FOR ORDER (I) DIRECTING JOINT ADMINISTRATION
OF THE CHAPTER 11 CASES UNDER FED. R. BANKR. P. 1015(b), (II) WAIVING
REQUIREMENTS OF 11 U.S.C. § 342(c)(1) AND FED. R. BANKR. P. 1005 AND 2002(n),
AND (III) AUTHORIZING DEBTORS TO FILE
REQUIRED MONTHLY OPERATING REPORTS ON A CONSOLIDATED BASIS**

The debtors and debtors-in-possession in the above-captioned cases (collectively,

the "Debtors"),[1] hereby move this Court (the "Motion") for entry of an order, pursuant to Rule

---

[1] CIT Group Inc. is located at 505 Fifth Avenue, New York, NY 10017. Its tax identification number is 65-xxx1192. In addition to CIT Group Inc., CIT Group Funding Company of Delaware LLC, Case No. 09-

1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) directing the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only, (ii) waiving the requirement that the captions in these chapter 11 cases contain certain identifying information with respect to each Debtor, and (iii) authorizing the filing of required monthly operating reports on a consolidated basis, subject to certain conditions, including consultation with the office of the United States Trustee (the "U.S. Trustee").  In support of this Motion, the Debtors rely upon and incorporate by reference the Declaration Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Petitions and Various First Day Applications and Motions (the "First Day Declaration") filed concurrently herewith under Rule 1007-2 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules").[2] In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested herein is Bankruptcy Rule 1015(b).

## BACKGROUND

2. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The factual background regarding the Debtors, including their business

---

16566, is a debtor in these related cases.  CIT Group Funding Company of Delaware LLC is located at 1 CIT Drive, Livingston, NJ 07039.  Its tax identification number is 98-xxx9146.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

operations, their capital and debt structure, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First Day Declaration. The Debtors continue to manage and operate their businesses as debtors-in-possession under Bankruptcy Code sections 1107 and 1108.

**RELIEF REQUESTED**

3. By this Motion, the Debtors seek entry of an order, under Bankruptcy Rule 1015(b), consolidating the Debtors' chapter 11 cases for procedural purposes only and waiving the requirement of Bankruptcy Code section 342(c)(1) and Bankruptcy Rules 1005 and 2002(n) that the case caption and other notices mailed in these cases contain the tax identification number and address for each Debtor. As an alternative to including each Debtor's address and tax identification number in the caption, the Debtors propose to list both Debtors in these chapter 11 cases, together with their case numbers, addresses, and tax identification numbers in a footnote to each pleading filed and each notice mailed by the Debtors in these cases. Finally, the Debtors seek authority to file the monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors-in-Possession and Trustees (the "Operating Guidelines") promulgated by the United States Trustee (the "UST") on a consolidated basis if the Debtors determine, after consultation with the UST, that consolidated reports would further administrative economy and efficiency without prejudice to any party in interest and that the reports would accurately reflect the Debtors' consolidated business operations and financial affairs.

**BASIS FOR RELIEF**

4. Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" of each other as that term is defined in Bankruptcy Code section 101(2) and as used in Bankruptcy Rule 1015(b) or are otherwise related to one another through joint or shared ownership. Thus, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b).

5. Moreover, the joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties-in-interest of the Debtors' respective estates. Indeed, the Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings and orders in these cases will affect both of the Debtors.

6. Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties-in-interest to use a single caption on the numerous documents that will be served and filed herein and file the papers in one case rather than in multiple cases. Finally, joint administration will protect parties-in-interest by ensuring that parties in <u>each</u> of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in these cases.

7. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party-in-interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

8. In furtherance of the foregoing, the Debtors request that the official caption of the chapter 11 cases to be used by all parties in all pleadings in the jointly administered cases be as follows:

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- x
                                :
In re:                          :    Chapter 11
                                :
CIT GROUP INC. and              :    Case No. 09-16565(___)
CIT GROUP FUNDING COMPANY       :
OF DELAWARE LLC,                :    (Jointly Administered)
                                :
              Debtors.          :
                                :
------------------------------- x
```

9. The Debtors submit that use of this simplified caption, without reference to their respective states of incorporation and tax identification numbers for each individual Debtor, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification. The Debtors, moreover, propose to consolidate these chapter 11 cases under the chapter 11 case of "CIT Group Inc." because of its recognizable name to the Debtors' creditor body at large and other parties-in-interest.

10. In addition, the Debtors request that the Court make separate docket entries on the docket of each of the Debtors' chapter 11 cases (except that of CIT Group Inc.), substantially similar to the following:

> "An order has been entered in this case consolidating this case with the case of CIT Group Inc. (Case No. 09-16565 (___)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 09-16565 (___) should be consulted for all matters affecting the above listed case."

11. It would be far more practical and expedient for the administration of these chapter 11 cases if the Court were to authorize their joint administration. The Debtors envision that many of the motions, hearings and other matters involved in these chapter 11 cases will affect all of the Debtors. Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, chapter 11 cases.

12. Joint administration will also allow the Court and the Debtors to employ a single docket for both of the cases and to confine, and thereby simplify, notice to creditors and other parties-in-interest in these bankruptcy cases. Joint administration will also enable parties-in-interest in each of the chapter 11 cases to stay apprised of all matters before the Court. Finally, joint administration will ease the burden on the UST in supervising these bankruptcy cases.

13. Moreover, waiver of the requirements imposed by Bankruptcy Code section 342(c)(1) and Bankruptcy Rules 1005 and 2002(n) that the Debtors' caption and other notices mailed in these cases include the Debtors' tax identification numbers and other information relating to the Debtors is appropriate in these cases. Inclusion of the Debtors' tax identification numbers and addresses on each caption is cumbersome, and may be confusing to parties-in-interest. More importantly, waiver of the tax identification number and address requirement is purely procedural in nature and will not affect the rights of parties-in-interest, particularly as the Debtors propose to include such information in a footnote to each pleading they file and each notice they mail in these cases on which they will identify the names of the Debtors and their respective case numbers, addresses and taxpayer identification numbers.

14. Finally, the Debtors seek authority to file the monthly operating reports required by the Operating Guidelines promulgated by the UST on a consolidated basis if the Debtors determine, after consultation with the UST, that consolidated reports would further administrative economy and efficiency in these chapter 11 cases without prejudice to any party-in-interest and that the reports would accurately reflect the Debtors' consolidated business operations and financial affairs. Notwithstanding the foregoing, each of the Debtors will file separate monthly reports of disbursements on an individual basis.

15. No party will be prejudiced by virtue of the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights.

16. For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors and other parties-in-interest and, therefore, should be granted.

## NOTICE

17. Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery or hand delivery to: (a) the United States Trustee for the Southern District of New York; (b) the United States Attorney for the Southern District of New York; (c) the Federal Reserve; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) those parties identified in the schedules of the largest unsecured creditors annexed to the Debtors' petitions; (g) counsel to Bank of America, N.A., as Administrative Agent and Collateral Agent under the Senior Credit Facility; (h) counsel to Bank of America, N.A. as L/C Issuer; and (i) Counsel to the Lender Steering Committee. The Debtors submit that under the circumstances no further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request this Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: New York, New York
       November 1, 2009

                                SKADDEN, ARPS, SLATE, MEAGHER
                                  &FLOM LLP

                            By:    */s/ Gregg M. Galardi*
                                    Gregg M. Galardi
                                    J. Gregory St. Clair
                                    Four Times Square
                                    New York, New York 10036
                                    (212) 735-3000

                                    Proposed Counsel for Debtors and
                                     Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
: 
In re: : Chapter 11
:
CIT GROUP INC., : Case No. 09-16565
:
       Debtor. :
:
------------------------------------- x
:
In re: : Chapter 11
:
CIT GROUP FUNDING COMPANY OF : Case No. 09-16566
DELAWARE LLC, :
:
       Debtor. :
:
------------------------------------- x

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11
CASES UNDER FED. R. BANKR. P. 1015(b), (II) WAIVING REQUIREMENTS
OF 11 U.S.C. § 342(c)(1) AND FED. R. BANKR. P. 1005 AND 2002(n),
AND (III) AUTHORIZING DEBTORS TO FILE REQUIRED MONTHLY
OPERATING REPORTS ON A CONSOLIDATED BASIS**

Upon consideration of the motion (the "Motion")[1] of the Debtors for an order (the "Order"), under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) directing the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only, (ii) waiving the requirement that the captions in these chapter 11 cases contain certain identifying information with respect to each Debtor, and (iii) authorizing the filing of required monthly operating reports on a consolidated basis, subject to certain conditions, including consultation with the office of the United States Trustee (the "UST"); and upon the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it

---

[1]     Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the motion.

appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby,

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth in this Order.

2. Each of the above-captioned chapter 11 cases of the Debtors be, and hereby are, consolidated for procedural purposes only and shall be jointly administered by the Court.

3. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of the above-captioned chapter 11 cases.

4. The caption of the jointly administered cases shall read as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :
In re:                                                        :   Chapter 11
                                                              :
CIT GROUP INC. and                                            :   Case No. 09-16565(___)
CIT GROUP FUNDING COMPANY                                     :
OF DELAWARE LLC,                                              :   (Jointly Administered)
                                                              :
              Debtors.                                        :
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5. All original pleadings shall be captioned as indicated in the preceding decretal paragraph, and all original docket entries shall be made in the case of CIT Group Inc., Case No. 09-16565(___).

6. A docket entry shall be made in each of the Debtors' cases substantially similar to the following:

> "An order has been entered in this case consolidating this case with the case of CIT Group Inc. (Case No. 09-16565(____)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 09-16565(____) should be consulted for all matters affecting the above listed case."

7. The requirements under section 342(c)(1) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules 1005 and 2002(n) that the case caption and other notices mailed in these cases include the Debtors' tax identification numbers and other identifying information about the Debtors is waived. The Debtors are directed to include in a footnote to each pleading they file and notice they mail in these cases a list of all the Debtors in these chapter 11 cases and their respective case numbers, addresses and tax identification numbers.

8. The Debtors are authorized to file monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors-in-Possession and Trustees on a consolidated basis if the Debtors determine, after consultation with the UST, that consolidated reports would further administrative economy and efficiency without prejudice to any party-in-interest and that the reports would accurately reflect the Debtors' consolidated business operations and financial affairs. The Debtors shall each separately file a monthly report of disbursements on an individual basis.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York
            , 2009

_____
UNITED STATES BANKRUPTCY JUDGE