SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Gregg M. Galardi
J. Gregory St. Clair

Proposed Counsel for Debtors and
 Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :   Chapter 11
                                          :
CIT GROUP INC. and                        :   Case No. 09-16565
CIT GROUP FUNDING COMPANY                 :
OF DELAWARE LLC,                          :
                                          :
            Debtors.                      :   (Motion for Joint Administration Pending)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. § 521, FED. R. BANKR. P.
1007(d), AND LOCAL BANKR. R. 1007-1 AUTHORIZING DEBTORS TO
(I) PREPARE CONSOLIDATED LIST OF CREDITORS IN LIEU OF MAILING
MATRIX AND (II) MAIL INITIAL NOTICES**

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby move this Court (the "Motion") for entry of an order, pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York

---

[1] CIT Group, Inc. is located at 505 Fifth Avenue, New York, NY 10017. Its tax identification number is 65-xxx1192. In addition to CIT Group Inc., CIT Group Funding Company of Delaware LLC, Case No. 09-16566, is a debtor in these related cases. CIT Group Funding Company of Delaware LLC is located at 1 CIT Drive, Livingston, NJ 07039. Its tax identification number is 98-xxx9146.

(the "Local Bankruptcy Rules"), authorizing the Debtors to (a) prepare a consolidated list of creditors in lieu of a mailing matrix and (b) mail initial notices. In support of this Motion, the Debtors rely upon and incorporate by reference the Declaration Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Petitions and Various First Day Applications and Motions (the "First Day Declaration") filed concurrently herewith under Local Bankruptcy Rule 1007-2.[2] In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code section 521, Bankruptcy Rule 1007(d), and Local Bankruptcy Rule 1007-1.

## BACKGROUND

2. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First Day Declaration. The Debtors continue to manage and operate their businesses as debtors-in-possession under Bankruptcy Code sections 1107 and 1108.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

2

**RELIEF REQUESTED**

3. By this Motion, the Debtors seek entry of an order, pursuant to Bankruptcy Code section 521, Bankruptcy Rule 1007(d), and Local Bankruptcy Rule 1007-1, authorizing them to (a) prepare a consolidated list of creditors in electronic format only, identifying their creditors in the format or formats currently maintained in the ordinary course of business in lieu of any required mailing matrix and (b) mail initial notices.

**BASIS FOR RELIEF**

**A. Request for Authority to Prepare a Consolidated List Of Creditors**

4. By this Motion, the Debtors are requesting the authority to prepare a consolidated list of creditors in a computer-readable format in lieu of submitting a "mailing matrix." The Debtors believe that submitting a consolidated list of creditors in electronic format (which will be acceptable to the Clerk of the Court) will substantially comply with the Bankruptcy Code, Bankruptcy Rule, and Local Bankruptcy Rule requirements of submitting a "list" or "mailing matrix" with respect to the universe of the Debtors' creditors and parties-in-interest.

5. Furthermore, Local Bankruptcy Rule 1007-1 directs a debtor to comply with any standing orders issued by this Court regarding the filing of creditor lists. Under Amended General Order M-192, a debtor filing a petition with more than 1,000 creditors and equity security holders is directed to contact the Clerk of the Court and to use the services of a process and claims agent to assist with such lists. The Debtors have hundreds of thousands of creditors and equity security holders. The Debtors, accordingly, have filed or will file an application seeking the appointment of a claims and noticing agent (the "Noticing and Claims Agent") in these chapter 11 cases. If such application is granted, the Noticing and Claims Agent

3

will, among other things, (a) assist with the consolidation of the Debtors' computer records into a creditor database and (b) complete the mailing of notices to the parties in such database.

6. The Debtors believe they have sufficient information for each creditor to permit the Noticing and Claims Agent to give notice promptly to all applicable parties. Moreover, because the Debtors propose to retain a Noticing and Claims Agent, the Clerk of the Court will not be processing most (if any) of the mailings in these chapter 11 cases. It is less critical, therefore, in this case that the Clerk of the Court have a mailing matrix readily available to process a mailing.

**B.  Mail Initial Notices To Creditors**

7. As stated above, the Debtors by separate application are seeking authority to retain a Noticing and Claims Agent. The Debtors propose that the Noticing and Claims Agent undertake all mailings directed by this Court, the United States Trustee, or as required by the Bankruptcy Code. Additionally, the Noticing and Claims Agent will assist the Debtors in preparing creditor lists and mailing initial notices (the "Initial Notices") to the consolidated list of creditors, such as (a) a notice of filing of the chapter 11 cases, (b) a notice of a meeting of creditors under Bankruptcy Code section 341 in the event that the United States Trustee schedules such a meeting, (c) notice of the time fixed for filing objections to and the hearing to consider approval of the Debtors' disclosure statement and to consider confirmation of the Debtors' plan and (d) any correspondence the Debtors may wish to send to creditors as part of the Debtors' communication efforts to keep their creditors informed with respect to the status of these chapter 11 cases.

8. With the assistance of the Noticing and Claims Agent, the Debtors will be prepared to file a computer-readable consolidated list of creditors and a list of equity security holders upon request, and will be capable of undertaking all necessary mailings.

**NOTICE**

9. Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery or hand delivery to: (a) the United States Trustee for the Southern District of New York; (b) the United States Attorney for the Southern District of New York; (c) the Federal Reserve; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) those parties identified in the schedules of the largest unsecured creditors annexed to the Debtors' petitions; (g) counsel to Bank of America, N.A., as Administrative Agent and Collateral Agent under the Senior Credit Facility; (h) counsel to Bank of America, N.A. as L/C Issuer; and (i) Counsel to the Lender Steering Committee. The Debtors submit that under the circumstances no further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request this Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: New York, New York
       November 1, 2009

    SKADDEN, ARPS, SLATE, MEAGHER
     & FLOM LLP

    By:   */s/ Gregg M. Galardi*
        Gregg M. Galardi
        J. Gregory St. Clair
        Four Times Square
        New York, New York 10036
        (212) 735-3000

        Proposed Counsel for Debtors and
        Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
CIT GROUP INC. and              :   Case No. 09-16565
CIT GROUP FUNDING COMPANY       :
OF DELAWARE LLC                 :   (Jointly Administered)
                                :
            Debtors.            :
                                :
------------------------------- x

**ORDER UNDER 11 U.S.C. § 521, FED. R. BANKR. P. 1007(d), AND LOCAL BANKR. R. 1007-1 AUTHORIZING DEBTORS TO (I) PREPARE CONSOLIDATED LIST OF CREDITORS IN LIEU OF MAILING MATRIX AND (II) MAIL INITIAL NOTICES**

Upon consideration of the motion (the "Motion")[1] of the Debtors for an order (the "Order") under section 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules") authorizing the Debtors to prepare a consolidated list of creditors in lieu of a mailing matrix and mail initial notices; and upon the First Day Declaration; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth in this Order.

2. Notwithstanding any Bankruptcy Code, Bankruptcy Rule, or Local Bankruptcy Rule to the contrary, the Debtors are authorized to prepare a consolidated list of creditors in a computer-readable format that is acceptable to the Clerk of this Court in lieu of submitting a "mailing matrix."

3. The Debtors are authorized to mail initial notices with the assistance of the Noticing and Claims Agent.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this order.

Dated:   New York, New York
         , 2009

---
UNITED STATES BANKRUPTCY JUDGE

2
826846-New York Server 1A - MSW