SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Gregg M. Galardi
J. Gregory St. Clair

Proposed Counsel for Debtors and
 Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re: : Chapter 11
:
CIT GROUP INC. and : Case No. 09-16565
CIT GROUP FUNDING COMPANY :
OF DELAWARE LLC, :
:
    Debtors. : (Motion for Joint Administration Pending)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105 AND 521 AND FED. R. BANKR. P. 1007 (I) EXTENDING TIME FOR DEBTORS TO FILE THEIR SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS, (II) PERMANENTLY WAIVING SAME UPON CONFIRMATION OF DEBTORS' PREPACKAGED PLAN AND (III) WAIVING REQUIREMENTS TO FILE EQUITY LIST AND SERVE NOTICE OF COMMENCEMENT ON EQUITY SECURITY HOLDERS**

    The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors")[1] hereby move this Court (the "Motion") for entry of an order, pursuant to sections 105 and 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the

---

[1] CIT Group Inc. is located at 505 Fifth Avenue, New York, NY 10017. Its tax identification number is 65-xxx1192. In addition to CIT Group Inc., CIT Group Funding Company of Delaware LLC, Case No. 09-16566, is a debtor in these related cases. CIT Group Funding Company of Delaware LLC is located at 1 CIT Drive, Livingston, NJ 07039. Its tax identification number is 98-xxx9146.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) extending the deadline by which the Debtors must file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") to sixty (60) days after the Petition Date (as defined below), (ii) permanently waiving the requirement to file the same upon confirmation of the contemporaneously filed prepackaged plan of reorganization (the "Plan") within the extension period and (iii) waiving the requirements to (a) file a list of all equity security holders (the "Equity List") within 15 days after the Petition Date and (b) give notice of the commencement of these chapter 11 cases (the "Notice of Commencement") to all of the Debtors' equity security holders. In support of this Motion, the Debtors rely upon and incorporate by reference the Declaration Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Petitions and Various First Day Applications and Motions (the "First Day Declaration") filed concurrently herewith under Rule 1007-2 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules").[2] In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 521 and Bankruptcy Rule 1007.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

**BACKGROUND**

2. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First Day Declaration. The Debtors continue to manage and operate their businesses as debtors-in-possession under §§ 1107 and 1108 of the Bankruptcy Code.

**RELIEF REQUESTED**

3. By this Motion, the Debtors request that the Court enter an order substantially in the form attached hereto (i) extending the deadline to file their Schedules and Statements to sixty (60) days after the Petition Date (the "Schedules and Statements Filing Deadline"), (ii) permanently waiving the requirement to file all Schedules and Statements if the Debtors' Plan is confirmed during the extension period, without prejudice to the Debtors' ability to request additional time should it become necessary and (iii) waiving the requirements (a) under Bankruptcy Rule 1007(a)(3) to file the Equity List within 15 days after the Petition Date and (b) under Bankruptcy Rule 2002(d) to give the Notice of Commencement to all of the Debtors' equity security holders.

**BASIS FOR RELIEF**

**A. Extension of Time to File Schedules**

4. Under section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), a debtor is required, within 15 days after the Petition Date, to file with the Court its Schedules and Statements. Under Bankruptcy Rule 1007(c) the Debtors may obtain an extension of this deadline for cause shown. See Fed. R. Bankr. P. 1007(c) ("[a]ny extension of time to file

schedules, statements, and other documents. . . . may be granted only on motion for cause shown and on notice. . . ."). Due to the complexity and diversity of their operations, the Debtors will be unable to complete their Schedules and Statements by the current deadline imposed by Bankruptcy Rule 1007.

5.	Given the substantial burdens already imposed on the Debtors' management by the commencement of these chapter 11 cases, the limited number of employees available to collect the information, the competing demands upon such employees, and the time and attention the Debtors must devote to the restructuring process, the Debtors submit that "cause" exists to extend the current deadline by forty-five (45) days until the Schedules and Statements Filing Deadline (a total of 60 days after the Petition Date).

**B.	Waiver of Requirement to File Schedules and Statements**

6.	The request for a final waiver of the requirement to file Schedules and Statements is appropriate in a prepackaged case. In general, a debtor is required to file the Schedules and Statements in order to permit parties in interest to understand and assess the debtors' assets and liabilities and thereafter negotiate and confirm a plan of reorganization. In these chapter 11 cases, the Debtors have already negotiated a plan of reorganization and solicited votes from those parties entitled to vote thereon. Accordingly, one of the primary justifications for requiring the filing of Schedules and Statements does not exist in these cases.

7.	In addition, much of the information that would be contained in the Schedules and Statements is already available in the disclosure statement to the Plan. To require the Debtors to file the Schedules and Statements would be duplicative and unnecessarily burdensome to the Debtors' estates.

8.   This Court has authority under Bankruptcy Code sections 105(a) and 521 to grant the Debtors' requested waiver of the requirement to file their Schedules and Statements. See 11 U.S.C. 521(a).  Additionally, Bankruptcy Code section 105(a) gives this Court the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  For the reasons set forth above, the Debtors respectfully submit that a waiver of the requirement to file Schedules and Statements is justified in light of the particular posture of these cases and the absence of prejudice to any party in interest.

C.   **Waiver of Requirement to File Equity List and Serve Notice of Commencement on Equity Security Holders**

9.   CIT Group Inc. is a public company and, as of February 17, 2009, had over 388 million outstanding shares of common stock, held by approximately 75,000 holders of record and approximately 28.3 million outstanding shares of four classes of preferred stock. Further, the holders of such common stock change on a daily basis through active trading on the New York Stock Exchange.  The preferred stock is also publicly traded.

10.   Bankruptcy Rule 1007(a)(3) provides that "[i]n a chapter 11 reorganization case, unless the court orders otherwise, the debtor shall file within 15 days after entry of the order for relief a list of the debtor's equity security holders of each class showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder."  Further, Bankruptcy Rule 2002(d) provides that, unless otherwise ordered by the Court, the Debtors shall provide notice of the commencement of these chapter 11 cases to all equity security holders.

11.   The Debtors submit that preparing the Equity List and sending the Notice of Commencement to all parties on the Equity List will be burdensome, time consuming, expensive and serve little or no beneficial purpose.  The Debtors will provide the parties on the

Equity List with notice of the bar date and an opportunity to assert their interests, in the event that they are required to file proofs of interest. Thus, the Debtors submit that the requested relief does not prejudice the equity security holders.

12. A notice substantially similar to the Notice of Commencement will be published in the Wall Street Journal (global edition) and any other publications the Debtors deem necessary in their sole discretion. Further, equity holders will know of the case through the financial press due to the high profile nature of the Debtors and the businesses of the Debtors.

13. Therefore, the Debtors submit that ample cause exists for the Court to waive the requirements (a) to file the Equity List under Bankruptcy Rule 1007(a)(3) and (b) to send the Notice of Commencement to all equity security holders under Bankruptcy Rule 2002(d).

14. Based on the foregoing, the Debtors submit the relief requested is necessary and appropriate, is in the best interests of their estates and creditors and should be granted in all respects.

**NOTICE**

15. Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery or hand delivery to: (a) the United States Trustee for the Southern District of New York; (b) the United States Attorney for the Southern District of New York; (c) the Federal Reserve; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) those parties identified in the schedules of the largest unsecured creditors annexed to the Debtors' petitions; (g) counsel to Bank of America, N.A., as Administrative Agent and Collateral Agent under the Senior Credit Facility; (h) counsel to Bank of America, N.A. as L/C Issuer; and (i) Counsel to the Lender Steering Committee. The Debtors submit that under the circumstances no further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request this Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: New York, New York
November 1, 2009

        SKADDEN, ARPS, SLATE, MEAGHER
         & FLOM LLP

By:   */s/ Gregg M. Galardi*
       Gregg M. Galardi
       J. Gregory St. Clair
       Four Times Square
       New York, New York 10036
       (212) 735-3000

       Proposed Counsel for Debtors and
       Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re: : Chapter 11
:
CIT GROUP INC. and : Case No. 09-16565
CIT GROUP FUNDING COMPANY :
OF DELAWARE LLC, : (Jointly Administered)
:
Debtors. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 521 AND FED. R. BANKR. P. 1007
(I) EXTENDING TIME FOR DEBTORS TO FILE THEIR SCHEDULES OF ASSETS
AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS, (II)
PERMANENTLY WAIVING SAME UPON CONFIRMATION OF DEBTORS'
PREPACKAGED PLAN AND (III) WAIVING REQUIREMENTS TO FILE EQUITY
LIST AND SERVE NOTICE OF COMMENCEMENT ON EQUITY SECURITY
HOLDERS**

Upon consideration of the motion (the "Motion")[1] of the Debtors for an order (the "Order"), under sections 105 and 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) extending the time for the Debtors to file schedules of assets and liabilities and statements of financial affairs (the "Schedules and Statements"), (ii) permanently waiving the requirement to file the same upon confirmation of the contemporaneously filed prepackaged plan of reorganization (the "Plan") within the extension period and (iii) waiving the requirements to

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

(a) file a list of all equity security holders (the "Equity List") within 15 days after the Petition Date and (b) give notice of the commencement of these chapter 11 cases (the "Notice of Commencement") to all of the Debtors' equity security holders; and upon the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth in this Order.

2. The Debtors are granted a forty-five (45) day extension of the time provided under Bankruptcy Rule 1007(c) to file the Schedules and Statements, which will provide the Debtors with a total of sixty (60) days after the Petition Date to file Schedules and Statements.

3. The requirement under Bankruptcy Code section 521 and Bankruptcy Rule 1007(c) to file Schedules and Statements shall be permanently waived upon confirmation of the Plan; provided, however, that such confirmation occurs within sixty (60) days after the Petition Date.

4. Entry of this Order shall be without prejudice to the Debtors' right to seek further extensions of time within which to file their Schedules and Statements or to seek other

relief from the Court regarding the filing of or waiver of the requirement to file the Schedules and Statements.

       5.       The requirement under Bankruptcy Rule 1007(a)(3) to file the Equity List is waived.

       6.       The requirement under Bankruptcy Rule 2002(d) to serve the Notice of Commencement upon the Equity List is waived.

       7.       This Court shall retain jurisdiction with respect to any and all matters relating to or arising from the interpretation or implementation of this order.

Dated:    New York, New York
                  , 2009

                                                  UNITED STATES BANKRUPTCY JUDGE