SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Gregg M. Galardi
J. Gregory St. Clair

Proposed Counsel for Debtors and
  Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| CIT GROUP INC. and | : | Case No. 09-16565 |
| CIT GROUP FUNDING COMPANY | : | |
| OF DELAWARE LLC, | : | |
| | : | |
|                Debtors. | : | (Motion for Joint Administration Pending) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 102(1) AND 105,
FED. R. BANKR. P. 2002(m), 9006, 9007 AND 9014, AND LOCAL BANKR. R. 1007-2(e)
AND 9014-2(f) ESTABLISHING (I) OMNIBUS HEARING DATES, (II) CERTAIN
NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES AND (III)
SCHEDULING INITIAL CASE CONFERENCE IN ACCORDANCE WITH LOCAL
BANKR. R. 1007-2(e) AND 9014-2(f)**

        The debtors and debtors-in-possession in the above-captioned cases (collectively,

the "Debtors")[1] submit this motion (the "Motion") for entry of an order under sections 102(1),

105(a) and 105(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rules

---

[1]   CIT Group Inc. is located at 505 Fifth Avenue, New York, NY 10017. Its tax identification number
is 65-xxx1192. In addition to CIT Group Inc., CIT Group Funding Company of Delaware LLC, Case
No. 09-16566, is a debtor in these related cases. CIT Group Funding Company of Delaware LLC is
located at 1 CIT Drive, Livingston, NJ 07039. Its tax identification number is 98-xxx9146.

2002(m), 9006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 1007-2(e) and 9014-2(f) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules") establishing (a) omnibus hearing dates, (b) certain notice, case management, and administrative procedures in the Debtors' chapter 11 cases and (c) scheduling an initial case conference in accordance with Local Bankruptcy Rule 1007-2(e). In support of this Motion, the Debtors rely upon and incorporate by reference the Declaration Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Petitions and Various First Day Applications and Motions (the "First Day Declaration") filed concurrently herewith under Local Bankruptcy Rule 1007-2.[2] In further support of this Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code sections 102(1), 105(a) and 105(d), Bankruptcy Rules 2002(m), 9006, 9007 and 9014 and Local Bankruptcy Rules 1007-2(e) and 9014-2(f).

## BACKGROUND

2.      On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The factual

---

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First Day Declaration. The Debtors continue to manage and operate their businesses as debtors-in-possession under Bankruptcy Code sections 1107 and 1108.

## RELIEF REQUESTED

3.       By this Motion, the Debtors seek entry of an order under sections 102(1), 105(a) and 105(d) of the Bankruptcy Code, Bankruptcy Rules 2002(m), 9006, 9007 and 9014 and Local Bankruptcy Rules 1007-2(e) and 9014-2(f) establishing certain notice, case management, and administrative procedures, all subject to further order of this Court. Specifically, the Debtors request entry of an order: (a) directing that all matters be heard at regular monthly hearings to be scheduled in advance (the "Omnibus Hearing Dates"), (b) establishing notice and scheduling procedures for evidentiary hearings pursuant to Bankruptcy Rule 9014, (c) providing procedures for the timely filing of pleadings so that the underlying matters will be scheduled to be heard at the appropriate Omnibus Hearing Date, (d) limiting notice procedures, and (e) establishing procedures for responding to requests for copies of filings. In addition, the Debtors seek to schedule an initial case management conference in accordance with Local Rule 1007-2(e).

## BASIS FOR RELIEF

### A.       Scheduling Matters

4.       The Debtors estimate that they have hundreds of thousands of creditors and other parties-in-interest. The Debtors anticipate that many of these parties will file motions and applications in these cases in pursuit of various forms of relief. To efficiently manage this process, the Debtors propose that every notice, motion, or application, and all briefs, memoranda, affidavits, declarations, or other documents filed in these cases (collectively, the "Filings") and

all complaints and other pleadings filed in any adversary proceeding commenced in these cases (the "Adversary Proceeding") be subject to the case management procedures described below, unless otherwise ordered by the Court.

<u>Omnibus Hearing Dates</u>

5.      In light of the number of interested parties and the size and complexity of these cases, the Debtors request entry of an order scheduling regular, monthly Omnibus Hearing Dates at which all matters will be heard, unless this Court orders otherwise.  The establishment of Omnibus Hearing Dates will facilitate the expeditious and economical administration of these large, complex cases while permitting parties to retain their rights to obtain emergency hearings on motions and applications, when appropriate, in accordance with applicable Bankruptcy Rules and Local Bankruptcy Rules.  If Omnibus Hearing Dates are known in advance, parties will be better able to plan for hearings, thus reducing the need for emergency hearings and/or expedited relief and fostering the consensual resolution of important matters.  Accordingly, this relief will likely minimize the costs and expenses associated with the otherwise numerous, and potentially irregularly scheduled, hearing dates.

6.      The Debtors propose to file a hearing agenda with the Court and serve on the Master Service List (as defined below) a proposed hearing agenda no later than noon (prevailing Eastern time), two (2) business days prior to any Omnibus Hearing Date.  The Debtors will file an amended hearing agenda to reflect any changes to the hearing agenda any time prior to an Omnibus Hearing Date.  The proposed hearing agenda is merely a proposal for the convenience of the Court and counsel; it is not determinative of the matters to be heard on that day and is not determinative of whether there will be a settlement or continuance.

## Scheduling Of Evidentiary Hearings

7.     Bankruptcy Rule 9014(e) requires that "[t]he court shall provide procedures that enable parties to ascertain at a reasonable time before any scheduled hearing whether the hearing will be an evidentiary hearing at which witnesses may testify." Fed. R. Bankr. P. 9014(e). Local Bankruptcy Rule 9014-2(f) provides that "[t]he first scheduled hearing in a contested matter will not be an evidentiary hearing at which witnesses may testify, unless . . . the Court, by general order, has directed that the first scheduled hearing with respect to the type of relief requested in the motion shall be an evidentiary hearing at which witnesses may testify." Local Bankr. R. 9014-2(f).

8.     Accordingly, the Debtors request that if an objection or other responsive pleading is filed in response to a Filing, then, subject to the exceptions set forth in Local Bankruptcy Rule 9014-2, the first scheduled hearing in a contested matter will not be an evidentiary hearing. The Debtors further request that within a reasonable time after an objection or other responsive pleading is filed but prior to the hearing of the matter, the Debtors or such other party that has filed with the Court the Filing seeking relief (the "Movant") and the party filing the objection or other responsive pleading (the "Objecting Party") shall meet and confer to discuss a possible resolution of the objection or the issue raised in the responsive pleading. If the objection or issues raised in the responsive pleading cannot be resolved, then the Movant and the Objecting Party shall discuss the process for identification of the proposed evidence to be introduced and witnesses to be called by the Movant and the Objecting Party either at the first scheduled hearing, if in compliance with Local Bankruptcy Rule 9014-2, or at a later hearing as scheduled by the Court so that the hearing can be conducted in an orderly manner.

9.     The Debtors further propose that any document identifying such evidence and witnesses be served on (a) the Movant and any opposing party, (b) the Debtors' counsel, (c)

counsel for any statutory committee appointed in these chapter 11 cases (each, a "Committee"), and (d) the Office of the United States Trustee. The Debtors propose that such documents need not be filed with this Court, unless the document is an objection or other responsive pleading, but must be made available to the Court by the serving party in the event of a dispute. The Debtors request that any party who fails to identify its evidence or witnesses as provided for by these procedures be precluded from presenting such evidence or witnesses at the hearing on the matter.

10.     Under this proposal, nothing would preclude any party from presenting proffers, on direct, in connection with uncontested matters, or agreeing with an opposing party to present proffers in any contested matter in lieu of the direct testimony of any witnesses or otherwise stipulating to facts or documentary evidence.

11.     Finally, the Debtors propose that they be required to describe the status of contested evidentiary hearings on the proposed hearing agendas submitted to this Court in connection with each hearing. If a Movant and Objecting Party agree that a hearing will not be an evidentiary hearing, the Debtors shall advise the Court's chambers not less than two (2) business days before such scheduled hearing in the proposed hearing agenda.

12.     The foregoing procedures are designed for identifying contested evidentiary hearings and such procedures will promote the efficiency of these cases and fulfill the requirements of amended Bankruptcy Rule 9014. Parties-in-interest, including the Debtors, will be required to identify their evidence and witnesses in advance, thereby affording notice and making it less likely that a hearing on a contested matter will be unnecessarily delayed.

Filing Procedures And Deadlines:
Motions, Applications, Objections, And Responses

13.     Electronic Filing. The Debtors propose that under this Court's General Order #M-242 (Revised Electronic Filing Procedures), dated January 19, 2001 ("General Order

#M-242") and Section II(A) of the Revised Administrative Electronic Procedures for Electronically Filed Cases (the "Electronic Procedures"), every Filing and Adversary Pleading shall be electronically filed on this Court's electronic filing system  (except for documents which may be filed under seal pursuant to a Court order) and be filed in text-searchable Portable Document Format ("PDF").

> 14.  <u>Consent To Electronic Notice</u>.  The Debtors request that, under General Order #M-242  and the Electronic Procedures, each party who files a notice of appearance and a request for service of papers (a "Notice Request")[3] be deemed to have consented to electronic service of Filings and Adversary Pleadings, in accordance with Section II(B) of the Electronic Procedures.  <u>No party may send Filings or Adversary Pleadings (or notice with respect to such Filings or Adversary Pleadings) to the Court or the Office of the United States Trustee via electronic means.</u>

> 15.  <u>Filing Deadline</u>.  Except as otherwise provided by the Bankruptcy Code or the Bankruptcy Rules, the Debtors propose that for a Filing to be heard at the next-scheduled Omnibus Hearing Date, a movant or applicant must make such Filing with this Court <u>at least twenty (20) calendar days prior</u> to the next-scheduled Omnibus Hearing Date (the "Filing Deadline"), and must serve such filing in accordance with the Notice Procedures (as defined below).  Subject to the following paragraph, if such Filing is filed and served <u>fewer than twenty (20) calendar days prior</u> to the next-scheduled Omnibus Hearing Date, the Debtors request that

---

[3]  The Debtors request that a valid Notice Request be required to include: (a) the party's name and address, (b) the name of the client (unless the party is appearing solely on its own behalf), (c) an e-mail address at which the requesting party can be served, (d) an address at which the requesting party may be served by U.S. mail, hand delivery, and overnight delivery, and (e) a facsimile number for the requesting party.  Furthermore, the Debtors request that notwithstanding Bankruptcy Rules 2002 and 9010(b), no Notice Request be deemed effective unless all of the foregoing requirements are satisfied.

the hearing with respect to such Filing take place on the next Omnibus Hearing Date thereafter unless the Debtors agree otherwise or unless otherwise ordered by the Court.

16.    In the event that a party cannot comply with the Filing Deadline and the Notice Procedures, the Debtors propose that such party be permitted to shorten the Filing Deadline and modify the Notice Procedures and have a Filing heard on the next Omnibus Hearing Date if and only if, for cause shown, this Court shortens such time and modifies the Notice Procedures under Bankruptcy Rule 9006.

17.    Notwithstanding section 362(e) of the Bankruptcy Code, if a motion with respect to a request for relief under section 362(d) of the Bankruptcy Code is scheduled for a date that is on or after the thirtieth (30th) calendar day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under Bankruptcy Code section 362(d), and shall be deemed to have waived its right to assert the termination of the automatic stay under Bankruptcy Code section 362(e).

18.    Objection Deadline.  In the event that a Filing is a motion or application for relief, the Debtors request any objection be filed (the "Objection Deadline"):

> (a)    on the seventh (7th) calendar day before the applicable Omnibus Hearing Date (or such other date upon which the Court will consider the Filing) if the Filing is served at least twenty (20) calendar days prior to the applicable Omnibus Hearing Date;
>
> (b)    on the third (3rd) calendar day or the second (2nd) business day, whichever date occurs first, before the applicable Omnibus Hearing Date (or such other date upon which the Court will consider the Filing) if the Filing is served fewer than twenty (20) calendar days prior to the applicable Omnibus Hearing Date; provided, that, as provided herein, such late-filed Filing will only be heard on the applicable Omnibus Hearing Date if the Debtors so agree or if so ordered by the Court); or

(c)     as otherwise ordered by this Court.

19.     In accordance with Local Rule 9074-1(c)(3), the Debtors propose that the relief requested in a Filing be granted without a hearing if no objection is timely filed.  The Debtors further request that, should a timely objection to a Filing be submitted, the movant be allowed but not required to file a reply to such objection or other responsive pleading on or before 4:00 p.m. (prevailing Eastern time) on the day immediately before the applicable Omnibus Hearing Date or such other date and time that the Court allows.

**B.     Proposed Notice Procedures**

20.     To facilitate the Omnibus Hearing Date process, the Debtors propose that every Filing and Adversary Pleading may be subject to the filing and notice procedures described herein (the "Notice Procedures").  Specifically, the Debtors propose that all Filings and Adversary Pleadings shall be served by overnight mail, U.S. mail, e-mail (either as a link or an attachment), courier, or hand delivery upon all parties with a particularized interest in the subject of the Filing and Adversary Pleading with a hard copy to chambers, as well as the following parties or entities (the "Master Service List")[4]:

> (a)     the Debtors and their counsel;
>
> (b)     the Office of the United States Trustee;
>
> (c)     the members of and counsel for each Committee and, before the appointment of an official committee of unsecured creditors, the Debtors' one hundred (100) largest unsecured creditors on a consolidated basis;

---

[4]     As described in more detail below (see, Service On 2002 List Parties), the Debtors propose that all other parties requesting notice be given only a notice of the filing and an opportunity to obtain the filing itself from the Debtors', the court's or the claims agent's web site, and www.nysb.uscourts.gov respectively, at such requesting party's sole cost and expense, thereby easing the administration of these cases and dramatically reducing the economic burdens on the Debtors' estates as well as other parties-in-interest.

(d)     the Securities and Exchange Commission; and

(e)     the Internal Revenue Service.

21.     The Debtors, or their Court-appointed claims agent, will update the Master Service List on a monthly basis to include the name, address, and e-mail address of any party-in-interest who has made a written request for notice since the preceding month.  The Master Service List will be available to all parties upon request.

22.     <u>Additional Notice Parties</u>.  In addition to serving the parties on the Master Service List, the Debtors propose that Filings for which particular notices are required by Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6006, 6007 or 9019 be served by United States first class mail in accordance with the following procedures, unless otherwise authorized by this Court:

(a)     filings related to the use, sale, lease or abandonment of property other than in the ordinary course of business will be served on each entity asserting an interest in the property;

(b)     filings related to relief from, or otherwise related to, the automatic stay will be served on each entity asserting a lien or encumbrance on the affected property;

(c)     filings relating to the use of cash collateral or obtaining credit will be served on each adversely affected entity asserting an interest in the cash collateral or each adversely affected entity asserting a lien or other interest in property on which a lien is proposed to be granted;

(d)     filings relating to approval of proposed compromises or settlements will be served on any entity that is a party to the compromise or settlement or which may be directly adversely affected thereby;

(e) filings relating to rights under section 365 of the Bankruptcy Code will be served on each party to the executory contract(s) or unexpired lease(s) affected thereby;

(f) filings relating to applications for payment of compensation or reimbursement of expenses shall be served on each professional person who is seeking payment of compensation or reimbursement of expenses and whose retention has been authorized by the Court in these cases;

(g) filings relating to the commencement of a case, the meeting of creditors under section 341 or 1104(b) of the Bankruptcy Code, the time for filing objections and the hearing to consider approval of a disclosure statement or a hearing to consider confirmation of a plan shall require notice in accordance with Bankruptcy Rule 2002; and

(h) notice of other matters for which the Bankruptcy Rules specifically require notice to all parties-in-interest will be served on all creditors and equity security holders of the Debtors and parties-in-interest, except as set forth herein or as otherwise authorized by this Court.

23. Except as set forth herein or as otherwise authorized by this Court, proceedings described in Bankruptcy Rule 2002 will be noticed in accordance with the applicable provisions of such rules, as set forth more fully in the form of proposed order attached hereto.

24. Service On 2002 List Parties. The Debtors further propose that any entity submitting a Filing be required to serve only a notice (the "Notice") of such Filing by overnight mail, U.S. Mail, courier, hand delivery or electronic mail, at the filing party's discretion (unless a party has properly requested to be exempt from electronic service, in which case the filing party must effect service by hard copy), on all parties that filed a notice of appearance or request for

notice in these cases (the "2002 List Parties"). The Debtors propose that the Notice be required to include the title of the Filing, the time and date of any Objection Deadline, and the Omnibus Hearing Date (or other hearing date as ordered by the Court) at which the Court will consider the Filing. The Debtors will update the 2002 List Parties on a periodic basis and provide such list upon request.

25. <u>Service Of Responses</u>. The Debtors request that all objections, responses, or statements in support of Filings as well as any replies thereto (collectively "Responses") need only be served by overnight mail, U.S. mail, courier, or hand delivery on the counsel who served such Filings plus the Master Service List, with a hard copy to chambers, provided that all such Responses are served so as to be actually <u>received</u> by such parties on or prior to the applicable filing deadline, as set forth herein.

26. <u>Notice Requests</u>. All timely filed Notice Requests for automatic receipt of copies of Filings, Responses, Adversary Pleadings, and other documents or writings filed in these cases and any adversary proceeding (collectively, the "Documents") will be accommodated as set forth herein. The Debtors propose that any party who files a Notice Request or notice of appearance in these cases will be added to the 2002 List Parties and will receive all Notices of Filings in these cases.

27. <u>Failure To Comply With Notice Procedures</u>. If any person makes any filing in contravention of the Notice Procedures by, among other things, setting a hearing on such Filing or Adversary Pleading for a date and time other than an Omnibus Hearing Date without an order from this Court authorizing such hearing for cause, the Debtors propose to forward a copy of the Order entered with respect to this motion, as such order may be modified or amended from time to time, to such person within three (3) business days after receipt. If such

Filing is filed at least twenty (20) calendar days prior to the next scheduled Omnibus Hearing Date, then the Debtors propose that the hearing with respect to such Filing be deemed scheduled for such Omnibus Hearing Date. If such Filing is filed fewer than twenty (20) calendar days prior to the next Omnibus Hearing Date, then the hearing with respect to such Filing would be the next Omnibus Hearing Date thereafter.

28. Nothing shall prejudice (a) the rights of any party-in-interest to move the Court to further limit or expand notice of such matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a motion seeking emergency ex parte consideration or consideration upon shortened time or (b) the rights of any party to seek an enlargement or reduction of a time period under Bankruptcy Rule 9006(b) or 9006(c).

29. The foregoing procedures are designed to promote the goals of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules to secure the expeditious, economical, and inexpensive determination of every matter, and to afford specific notice to all parties-in-interest of applicable deadlines and hearing dates well in advance of such deadlines and dates. Such procedures will also minimize the amount of time at hearing dates that is devoted to scheduling matters and continuances. Finally, such procedures should assist all parties-in-interest by affording the parties and this Court reasonable time to prepare for hearing dates and hopefully narrow the issues raised in their Filings and Adversary Pleadings. Hence, notice given in accordance with these Notice Procedures should be deemed adequate pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

## C.    Copies Of Filings

30. All Filings in these cases are available on the internet from (a) the claims agent's website (free of charge) at http://www.kccllc.net/citgroup or (b) www.nysb.uscourts.gov (a PACER login and password are required to access the Court's PACER system), and may be

downloaded for viewing or printing with Adobe® Acrobat® Reader. Upon request of any party, the Debtors will provide copies of any Filings and Adversary Pleadings in these cases at the expense of the requesting party.

## D. Initial Case Conference

31. The Debtors propose that the Court schedule, and the Debtors provide notice of, an initial case management conference pursuant to section 105(d) of the Bankruptcy Code and in accordance with Local Bankruptcy Rules 1007-2(e) and 9076-1 to consider the efficient administration of the case, potentially including, among other things, such topics as retention of professionals, use of alternative dispute resolution, timetables, and scheduling of additional case management conferences. The Debtors will give notice by mail of the aforementioned conference and any proposed order at least seven (7) calendar days prior to the scheduled conference to each committee appointed to serve in the case pursuant to 11 U.S.C. § 1102 (or, if no committee has been appointed, to the holders of the ten (10) largest unsecured claims), the holders of the five (5) largest secured claims, any postpetition lender to the Debtor, and the Office of the United States Trustee, and shall promptly file electronically a proof of service of such notice with the Clerk of the Court.

## APPLICABLE AUTHORITY

32. Section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory fiat or under equitable common law principles. Specifically, section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary

14

or appropriate to enforce or implement court orders or rules, or to
prevent an abuse of process.

11 U.S.C. § 105(a).

33.     The Debtors believe that adopting the Omnibus Hearing Date process and
the Notice Procedures will substantially reduce administrative burdens and result in substantial
cost savings to the Debtors' estates because of the reduction of time and money the Debtors will
have to expend on hearings that would be held before this Court.  The Debtors further believe
that adopting the Omnibus Hearing Date process and Notice Procedures will also significantly
reduce the administrative and economic burden placed on creditors and parties-in-interest when
filing and serving the documents in these cases and appearing at hearings.

34.     The establishment of Omnibus Hearing Dates in particular will promote
the efficient and orderly administration of these cases.  Early notice to all parties-in-interest of
regular, monthly hearings will enable everyone to plan efficiently for the use of hearing time,
will avoid much of the need for emergency hearings, and will lessen the burden on the Court and
on the Debtors' estates.  For these reasons, the Debtors believe that a schedule of monthly
Omnibus Hearing Dates is in the best interests of the Debtors' estates.

35.     In addition, the Debtors believe that adopting procedures for notice of
evidentiary hearings will promote the efficiency of these cases and fulfill the requirements of
Rule 9014.  By requiring parties-in-interest, including the Debtors, to identify their evidence and
witnesses in advance, all parties will have adequate notice of the nature of the proceeding and it
will be less likely that the hearing on the contested matter would be unnecessarily delayed.

36.     Bankruptcy Rule 2002(a) provides that, unless otherwise ordered by the
court, notice of certain matters must be given to, among others, all of the Debtors' creditors,

equity security holders, and other parties-in-interest.  The Bankruptcy Rules, further provide,

however, that "[t]he court may from time to time enter orders designating the matters in respect

to which, the entity to whom, and the form and manner in which notices shall be sent except as

otherwise provided by these rules."  Fed. R. Bankr. P. 2002(m); Fed. R. Bankr. P. 9007 ("When

notice is to be given under these rules, the court shall designate, if not otherwise specified

herein, . . . the form and manner in which the notice shall be given.").

   37. Section 102(1) of the Bankruptcy Code provides that when the statute

permits an action to occur "after notice and a hearing," such action may occur "after such notice

as is appropriate in the particular circumstances, and such opportunity for a hearing as is

appropriate in the particular circumstances . . . ."  11 U.S.C. § 102(1)(A).

   38. As explained above and in the First Day Declaration, this case is large and

complex, is expected to be fast-moving, and involves hundreds of thousands of creditors and

parties-in-interest.  Many of these parties may have various issues of concern that may be

brought to this Court for redress.  The Debtors expect numerous parties to file Notice Requests

and Filings as these cases proceed.  The costs and burdens associated with the possibility of

numerous, fragmented hearings, plus the costs associated with copying and mailing or otherwise

serving all Filings to parties without the limitation proposed herein, will impose an

administrative and economic burden on the Debtors' estates, this Court, and the parties-in-

interest.

   39. Indeed, mass mailings would be extraordinarily costly to the Debtors'

estates and would require the Debtors to divert limited resources to comply with all

administrative requirements.  Additionally, the continual drafting and filing of motions to limit

notice for each use, sale, or lease of the Debtors' property out of the ordinary course of business

and for various compromises and settlements would increase the administrative and economic burden on the Debtors' estates.

40.     Under the terms of the Omnibus Hearing Date process and the Notice Procedures, all parties-in-interest who may be directly affected by the relief sought by a particular Filing, objection, or Adversary Pleading will receive notice of that Filing, objection, or Adversary Pleading directly from the party submitting such documents to the Court well in advance of the applicable Hearing Date. Under the proposed Notice Procedures, all parties will be assured of receiving appropriate notice of matters affecting their interests and an ample opportunity to prepare and respond. Thus, no party will be adversely affected by such procedures.

## NOTICE

41.     Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery or hand delivery to: (a) the United States Trustee for the Southern District of New York; (b) the United States Attorney for the Southern District of New York; (c) the Federal Reserve; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) those parties identified in the schedules of the largest unsecured creditors annexed to the Debtors' petitions; (g) counsel to Bank of America, N.A., as Administrative Agent and Collateral Agent under the Senior Credit Facility; (h) counsel to Bank of America, N.A. as L/C Issuer; and (i) Counsel to the Lender Steering Committee. The Debtors submit that under the circumstances no further notice is necessary.

## CONCLUSION

42.    WHEREFORE, the Debtors respectfully request this Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: New York, New York
           November 1, 2009

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By:      /s/ Gregg M. Galardi
         Gregg M. Galardi
         J. Gregory St. Clair
         Four Times Square
         New York, New York 10036
         (212) 735-3000

         Proposed Counsel for Debtors and
          Debtors-in-Possession

858634-New York Server 1A - MSW

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re: : Chapter 11
:
CIT GROUP INC. and : Case No. 09-16565
CIT GROUP FUNDING COMPANY :
OF DELAWARE LLC, :
:
Debtors. : (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 102(1) AND 105, FED. R. BANKR. P. 2002(m), 9006, 9007 AND 9014, AND LOCAL BANKR. R. 1007-2(e) AND 9014-2(f) ESTABLISHING (I) OMNIBUS HEARING DATES, (II) CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES AND (III) SCHEDULING INITIAL CASE CONFERENCE IN ACCORDANCE WITH LOCAL BANKR. R. 1007-2(e) AND 9014-2(f)**

Upon consideration of the motion (the "Motion")[1] of the Debtors for an order (the "Order") under section 102(1), 105(a), and 105(d) of title 11 of the United States Code (the "Bankruptcy Code") and Fed. R. Bankr. P. 2002(m), 9006, 9007 and 9014, and Rules 1007-2(e) and 9014-2(f) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), establishing (a) omnibus hearing dates, (b) certain notice, case management, and administrative procedures in the Debtors' chapter 11 cases, and (c) scheduling an initial case conference in accordance with Local Rules 1007-2(e) and 9014-2(f), and upon the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due

deliberation thereon and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion is GRANTED as set forth in this Order.

2.    Unless otherwise ordered by the Court, every Filing and Adversary

Pleading shall be subject to the procedures described below.

**A.    Scheduling Matters**

<u>Omnibus Hearing Dates</u>

3.    This Court shall conduct the following Omnibus Hearings in these cases

(the "Omnibus Hearing Dates"), to be held in Courtroom __, United States Bankruptcy Court,

Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, unless

the Debtors are otherwise notified by the Court.  The following dates and times have been

scheduled as Omnibus Hearing Dates in these Chapter 11 cases:

_____ at ____ (prevailing Eastern time)

_____ at ____ (prevailing Eastern time)

_____ at ____ (prevailing Eastern time)

_____ at ____ (prevailing Eastern time)

_____ at ____ (prevailing Eastern time)

_____ at ____ (prevailing Eastern time)

4.    Omnibus Hearing Dates will occur thereafter as may be scheduled by this

Court.  All matters requiring a hearing in these cases shall be set for and be heard on Omnibus

Hearing Dates unless alternative hearing dates are approved by the Court for good cause shown.

5.    In the event the Court reschedules a hearing in these chapter 11 cases

(including an Omnibus Hearing Date), the Debtors shall provide notice of such rescheduled

hearing by filing a notice with the Court and servicing such notice pursuant to the standard notice procedures outlined below.

Scheduling Of Evidentiary Hearings

6.      Subject to the exceptions set forth in Local Rule 9014-2, the first scheduled hearing in a contested matter will not be an evidentiary hearing.  If the objection or issues raised in the responsive pleading cannot be resolved by meeting and conferring, then the party seeking relief (the "Movant") and the party filing an objection (the "Objecting Party") shall discuss the process for identification of the proposed evidence to be introduced and witnesses to be called by the Movant and the Objecting Party either at the first scheduled hearing, if in compliance with Local Bankruptcy Rule 9014-2, or at a later hearing as scheduled by the Court, so that the hearing can be conducted in an orderly manner.

7.      Any document identifying such evidence and witnesses must be served on (a) the Movant and any opposing party, (b) the Debtors' counsel, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Time Squares, New York, NY 10036 (Attn: Gregg M. Galardi, Esq. and J. Gregory St. Clair, Esq.), (c) counsel for any Committee, and (d) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Paul K. Schwartzberg, Esq.).  Such documents need not be filed with the Court, unless the document is an objection or other responsive pleading, but they must be made available to the Court by the serving party in the event of a dispute.

8.      Any party that fails to identify its evidence or witnesses as provided for herein may be precluded from presenting such evidence or witnesses at the hearing on the matter. Nothing shall preclude any party from presenting proffers, on direct, in connection with uncontested matters, or agreeing with an opposing party to present proffers in any contested matter in lieu of the direct testimony of any witness or otherwise stipulating to facts or documentary evidence.  The Debtors are required to describe the status of contested evidentiary hearings on the proposed hearing agendas submitted to the Court in connection with each hearing.  If a Movant and Objecting Party agree that a hearing will not be an evidentiary hearing,

the Debtors shall advise the Court's chambers not less than two (2) business days before such scheduled hearing in the proposed hearing agenda.

9.      Proposed Hearing Agenda:  The Debtors shall file with the Court and serve on the Master Service List (as defined below)  a proposed hearing agenda no later than noon, two (2) business days prior to any Omnibus Hearing Date.  The Debtors may file an amended hearing agenda to reflect any changes to the hearing agenda any time prior to an Omnibus Hearing Date.  The proposed hearing agenda is merely a proposal for the convenience of the Court and counsel; it is not determinative of the matters to be heard on that day and is not determinative of whether there will be a settlement or continuance.

Filing Procedures And Deadlines:
Motions, Applications, Objections, And Responses

10.      Electronic Filing.  Every Filing and Adversary Pleading shall be electronically filed on this Court's electronic filing system (except with regard to documents which may be filed under seal pursuant to Court order) and be filed in a text searchable .pdf format.

11.      Consent To Electronic Filing.  Each party that files a Notice Request[2] shall be deemed to have consented to electronic service of Filings and Adversary Pleadings in accordance with Section II(B) of the Electronic Procedures.  No party may send Filings or Adversary Pleadings (or notice with respect to such Filings or Adversary Pleadings) to, or communicate with, the Court or the Office of the United States Trustee, by electronic means.

12.      Filing Deadline.  Except as otherwise provided by the Bankruptcy Code or the Bankruptcy Rules, in order for a Filing to be heard at the next-scheduled Omnibus Hearing Date, a movant or applicant must file such a Filing with this Court at least twenty (20) calendar days prior to the next-scheduled Omnibus Hearing Date (the "Filing Deadline"), and must serve

---

[2]      A valid "Notice Request" shall include: (a) the party's name and address, (b) the name of the client (unless the party is appearing solely on its own behalf), (c) an e-mail address at which the requesting party can be served, (d) an address at which the requesting party may be served by U.S. mail, hand delivery, and overnight delivery, and (e) a facsimile number for the requesting party.  No Notice Request shall be deemed effective unless all of the foregoing requirements are satisfied.

such filing in accordance with the Notice Procedures (as defined below).  Subject to the following paragraph, if such Filing is filed and served <u>less than twenty (20) calendar days prior</u> to the next scheduled Omnibus Hearing Date, the hearing with respect to such Filing shall be the Omnibus Hearing Date thereafter unless the Debtors agree otherwise.

13.     In the event a party cannot comply with the Filing Deadline and the Notice Procedures, such party may shorten the Filing Deadline and modify the Notice Procedures and have a Filing heard on the next Omnibus Hearing Date, if, and only if, for cause shown, this Court shortens such time and modifies the Notice Procedures.

14.     Notwithstanding section 362(e) of the Bankruptcy Code, if a motion with respect to a request for relief under section 362(d) of the Bankruptcy Code is scheduled for a date that is on or after the thirtieth (30th) calendar day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

15.     <u>Objection Deadline</u>.  In the event that a Filing is a motion or application for relief, any objection shall be filed (the "Objection Deadline"):

(a)     on the seventh (7th) calendar day before the applicable Omnibus Hearing Date (or such other date upon which the Court will consider the Filing) if the Filing is served at least twenty (20) calendar days prior to the applicable Omnibus Hearing Date; or

(b)     on the third (3rd) calendar day or the second (2nd) business day, whichever date occurs first, before the applicable Omnibus Hearing Date (or such other date upon which the Court will consider the Filing) if the Filing is served fewer than twenty (20) calendar days prior to the applicable Omnibus Hearing Date; <u>provided</u>, <u>that</u>, as provided herein, such late-filed Filing will only be heard on the applicable Omnibus Hearing Date if the Debtors so agree or if so ordered by the Court; or

(c)     as otherwise ordered by this Court.

16. The relief requested in the Filing may be granted without a hearing if no objection is timely filed. Should a timely objection be submitted, the party filing the initial motion shall be allowed, but not required, to file a reply to such objection or other responsive pleading on or before 4:00 p.m. on the day immediately before the applicable Omnibus Hearing Date or such other date and time that the Court allows.

## B. Notice Procedures

17. Every Filing and Adversary Pleading may be subject to the filing and notice procedures described herein (the "Notice Procedures"). All Filings and Adversary Pleadings shall be served via overnight mail, U.S. mail, e-mail (either as a link or an attachment), courier, or hand delivery upon all parties with a particularized interest in the subject of the Filing or Adversary Pleading, with a hard copy to chambers, as well as the following list (the "Master Service List") of parties or entities[3]:

    (a)    the Debtors, CIT Group, Inc. 1 CIT Drive, Livingston, NJ 07039 (Attn: Eric Mandelbaum);

    (b)    the Debtors' counsel, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036 (Attn: Gregg M. Galardi and J. Gregory St. Clair);

    (c)    the Office of the United State Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Paul K. Schwartzberg, Esq.);

    (d)    the members of and counsel for each committee and before the appointment of an official committee of unsecured creditors, those parties identified in the schedules of the largest unsecured creditors annexed to the Debtors' petitions;

    (e)    the Securities and Exchange Commission; and

    (f)    the Internal Revenue Service.

---

[3] As described in more detail below (see, Service on 2002 List Parties), all other parties requesting notice shall simply receive a notice of the filing and an opportunity to obtain the filing itself from the Debtors', the court's or the claims agent's web site, and www.nysb.uscourts.gov respectively, at such requesting party's sole cost and expense, thereby easing the administration of these cases and dramatically reducing the economic burdens on the Debtors' estates as well as other parties-in-interest.

All other parties shall be served electronically in accordance with this Order. Until counsel for each committee is retained, each member of such Committee shall be deemed part of the master service list.

18.     The Debtors, or their Court-appointed claims agent, shall update the Master Service List on a monthly basis to include the name, address, and e-mail address of any party-in-interest who had made a written request for notice since the preceding month. The Master Service List will be available to third parties upon request.

19.     <u>Additional Notice Parties</u>. In addition to serving the parties on the Master Service List, filings for which particular notices are required by Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6006, 6007 or 9019, shall be served by U.S. mail in accordance with the following procedures, unless otherwise authorized by the Court:

(a)     filings related to the use, sale, lease, or abandonment of property other than in the ordinary course of business shall be served on each entity asserting an interest in the property;

(b)     filings related to relief from, or otherwise related to, the automatic stay shall be served on each entity asserting a lien or encumbrance on the affected property;

(c)     filings relating to the use of cash collateral or obtaining credit shall be served on each adversely affected entity asserting an interest in the cash collateral or each adversely affected entity asserting a lien or other interest in property on which a lien is proposed to be granted;

(d)     filings relating to approval of proposed compromises or settlements shall be served on any entity that is a party to the compromise or settlement or which may be directly adversely affected thereby;

(e)     filings relating to rights under Bankruptcy Code section 365 shall be served on each party to the executory contract(s) or unexpired lease(s) affected thereby;

(f)     filings relating to applications for payment of compensation or reimbursement of expenses shall be served on each professional person who is seeking payment of compensation or reimbursement

of expenses and whose retention has been authorized by the Court in these cases;

(g)      filings relating to the commencement of a case, the meeting of creditors under Bankruptcy Code sections 341 or 1104(b), the time for filing objections and the hearing to consider approval of a disclosure statement or a hearing to consider confirmation of a plan shall require notice in accordance with Bankruptcy Rule 2002; and

(h)      notice of other matters for which the Bankruptcy Rules specifically require notice to all parties-in-interest shall be served on all creditors and equity security holders of the Debtors and parties-in-interest, except as set forth herein or as otherwise authorized by this Court.

20.      Except as set forth in this Order or as otherwise authorized by this Court, proceedings described in Bankruptcy Rule 2002 will be noticed in accordance with the applicable provisions of such rules, as set forth more fully in the form of proposed order attached hereto.

21.      <u>Service On 2002 List Parties</u>.  Any entity submitting a Filing shall be required to serve only a Notice of such Filing via overnight mail, U.S. mail, courier, hand delivery or electronic mail, at the filing party's discretion (unless a party has properly requested to be exempt from electronic service, in which case the filing party must effect service by hard copy), on all parties that filed a notice of appearance or request for notice in these cases (the "<u>2002 List Parties</u>").  The Notice should include the title of the Filing, the time and date of any Objection Deadline, and the Omnibus Hearing Date (or other hearing date as ordered by the Court) at which this Court will consider the Filing.  The Debtors will update the 2002 List Parties on a periodic basis and provide such list upon request.

22.      <u>Service of Responses</u>.  All objections, responses, or statements in support of Filings as well as any Responses need only be served via overnight mail, U.S. mail, courier, or hand delivery on the counsel who served such Filings, plus the Master Service List, with a hard copy to chambers, provided that all such Responses shall be served so as to be actually <u>received</u> by such parties on or prior to the applicable filing deadline, as set forth herein.

23. <u>Notice Requests</u>.  All Notice Requests for automatic receipt of copies of Filings, Responses, Adversary Pleadings, and other documents or writings filed in these cases and any adversary proceeding (collectively, the "Documents") will be accommodated as set forth herein.  Any party who files a Notice Request or notice of appearance in these cases will be added to the 2002 List Parties and will receive all Notices of Filings in these cases.

24. <u>Failure To Comply With Notice Procedures</u>.  If any person makes any Filing in contravention of the Notice Procedures by, among other things, setting a hearing on such Filing or Adversary Proceeding for a date and time other than an Omnibus Hearing Date without an order from this Court authorizing such hearing for cause, the Debtors shall forward a copy of the Final Order entered with respect to the Motion, as such order may be modified or amended from time to time, to such person within three (3) business days after receipt.  If such Filing is filed at least twenty (20) calendar days prior to the next scheduled Omnibus Hearing Date, then the hearing with respect to such Filing shall be deemed to be on such Omnibus Hearing Date.  If such Filing is filed less than twenty (20) calendar days prior to the next Omnibus Hearing Date, then the hearing with respect to such Filing shall be the next Omnibus Hearing Date thereafter.

25. Nothing shall prejudice (a) the rights of any party-in-interest to move this Court to further limit or expand notice of such matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a motion seeking emergency ex parte consideration or consideration upon shortened time; or (b) the rights of any party to seek an enlargement or reduction of a time period under Bankruptcy Rule 9006(b) or 9006(c).

**C.      Copies of Filings and Adversary Pleadings**

26. All Filings in these cases are available on the internet from (a) the claims agent's website (free of charge) or (b) www.nysb.uscourts.gov (a PACER login and password are required to access the Court's PACER system), and may be downloaded for viewing or printing with Adobe® Acrobat® Reader.  Upon request of any party, the Debtors will provide copies of any Filings and Adversary Pleadings in these cases at the expense of the requesting party.

**D.      Initial Case Conference**

27.      An initial case management conference pursuant to Bankruptcy Code section 105(d) and in accordance with Local Bankruptcy Rules 1007-2(e) and 9076-1 shall be conducted by the undersigned Bankruptcy Judge in Room __, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York, 10004 on _____ ____, 2009, at _____ (prevailing Eastern Time) to consider the efficient administration of the case, potentially including, *inter alia*, such topics as retention of professionals, use of alternative dispute resolution, timetables, and scheduling of additional case management conferences.

28.      The Debtors shall give notice by mail of the aforementioned conference and any order at least seven (7) calendar days prior to the scheduled conference to each Committee (or, if no Committee has been appointed, to the holders of the ten (10) largest unsecured claims on a consolidated basis), the holders of the five (5) largest secured claims on a consolidated basis, any postpetition lenders to the Debtors, and the office of United States Trustee, and shall promptly file electronically a proof of service of such notice with the Clerk of the Court

29.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York
           _____, 2009


                                             _____
                                             UNITED STATES BANKRUPTCY JUDGE