SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Gregg M. Galardi
J. Gregory St. Clair

Proposed Counsel for Debtors and
 Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :

In re:                               :     Chapter 11
                                            :

CIT GROUP INC. and             :     Case No. 09-16565 (ALG)
CIT GROUP FUNDING COMPANY    :
OF DELAWARE LLC,              :
                                            :

         Debtors.                :     (Jointly Administered)
                                            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SUMMARY OF PLAN AND NOTICE OF (I) MEETING OF CREDITORS;
(II) COMMENCEMENT OF CHAPTER 11 CASES AND (III) COMBINED HEARING ON
DISCLOSURE STATEMENT AND
CONFIRMATION OF PLAN OF REORGANIZATION**

Commencement of the Chapter 11 Cases

        **PLEASE TAKE NOTICE** that on November 1, 2009 (the "Petition Date"), the debtors
and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] each filed petitions
for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). By order of the
United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), the
cases are being jointly administered for procedural purposes under Case No. 09-16565 (ALG).

---

[1]     CIT Group Inc. is located at 505 Fifth Avenue, New York, NY 10017. Its tax identification number is 65-
      xxx1192. In addition to CIT Group Inc., CIT Group Funding Company of Delaware LLC, Case No. 09-
      16566, is a debtor in these related cases. CIT Group Funding Company of Delaware LLC is located at 1 CIT
      Drive, Livingston, NJ 07039. Its tax identification number is 98-xxx9146.

You may be a creditor of one of the Debtors. **The filing of the bankruptcy cases automatically stays certain collection and other actions against the Debtors and the Debtors' property. If you attempt to collect a debt or take other action in violation of chapter 11 of the Bankruptcy Code, you may be penalized.** This notice provides important information concerning the cases. You may want to consult an attorney to protect your rights. Please note that the Bankruptcy Court entered a Case Management Order on November 4, 2009, which may impact your right to receive notice of pleadings filed or other notices in these cases. All pleadings filed in the cases may be inspected at the office of the Clerk of the Bankruptcy Court for the Southern District of New York (the "Clerk's Office") at the address listed below. In addition, most pleadings filed in the Debtors' chapter 11 cases will be posted on the website of Kurtzman Carson Consultants LLC ("KCC") at http://www.kccllc.net/citgroup. **PLEASE NOTE: neither the staff of the Clerk's Office nor KCC can give legal advice.**

<u>Summary of Plan of Reorganization</u>[2]

**PLEASE TAKE FURTHER NOTICE** that on November 2, 2009, the Debtors filed the Second Amended Prepackaged Reorganization Plan of CIT Group Inc. and CIT Group Funding Company of Delaware LLC (the "Plan") and the accompanying Amended Offering Memorandum, Disclosure Statement and Solicitation of Acceptances of a Prepackaged Plan of Reorganization (the "Disclosure Statement"). Copies of the Plan and Disclosure Statement are available for review as follows: (i) at the office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, NY 10004, (ii) at the offices of the Debtors' undersigned counsel, (iii) on the Court's website, http://www.nysb.uscourts.gov, or (iii) on the website of KCC, http://www.kccllc.net/citgroup. Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Plan.

The Plan provides for the restructuring of the Debtors' liabilities in a manner designed to maximize recoveries to holders of Claims against and Interests in the Debtors. In summary, the Plan contemplates the Exchanges, pursuant to which (i) holders of Canadian Senior Unsecured Note Claims will receive their <u>pro rata</u> share of Series B Notes, equal to a distribution in the amount of 100% of such holder's Allowed Canadian Senior Unsecured Note Claim if such Class 7 votes to accept the Plan, (ii) Electing Long−Dated Senior Unsecured Note Claims and holders of Senior Unsecured Note Claims and, if Class 7 does not vote to accept the Plan and the Plan is nonetheless confirmed, Canadian Senior Unsecured Note Claims on account of CIT Group Inc.'s guarantee of the Canadian Senior Unsecured Notes, will receive their <u>pro rata</u> share of (a) Series A Notes and (b) New Common Interests, (iii) holders of Senior Unsecured Term Loans Claims and Senior Unsecured Credit Agreement Claims shall receive their <u>pro rata</u> share of (a) (1) indebtedness under credit facilities of Reorganized CIT on substantially the same terms as the Series A Notes in lieu of a distribution of Series A Notes or (2) Series A Notes, at each such holder's election, if such Classes vote to accept the Plan or Series A Notes if such Classes do not vote to accept the Plan and (b) New Common Interests, and (iv) holders of Senior Subordinated Note Claims and Junior Subordinated Note Claims shall receive specified percentages of New Common Interests if such Class 12 and Class 13 vote to accept the Plan, as applicable, and Contingent Value Rights, in full satisfaction and settlement of such Claims and Interests. Moreover, the Plan contemplates the issuance of Contingent Value Rights to holders of Senior Subordinated Note Claims, Junior Subordinated Note Claims and Old Preferred Interests. The Plan also contemplates the Cash Collateralization of the JPM L/C Facility.

---

[2]    This summary is qualified in its entirety by the terms of the Plan. In the event of any conflict between this summary and the terms of the Plan, the terms of the Plan shall control and govern.

The Debtors believe that (i) through the Plan, holders of Allowed Claims will obtain a substantially greater recovery from the Debtors' estates than the recovery they would receive if (a) the Debtors filed Chapter 11 petitions without prior approval of the Plan by a majority of their creditors or (b) the Debtors filed for Chapter 7 protection, and (ii) the Plan will afford the Debtors the opportunity and ability to continue their business as viable going concerns and preserve ongoing employment for the Debtors' employees.

**PLEASE TAKE FURTHER NOTICE** that votes on the Plan were solicited prior to the Petition Date. The following chart summarizes the treatment provided by the Plan to each Class of Claims and Interests and indicates the acceptance or rejection by each Class.

| Class | Description | Treatment | Accept/Reject | Estimated Recovery |
|---|---|---|---|---|
| Class 1 | Other Priority Claims | Unimpaired | Deemed to accept | 100% |
| Class 2 | Other Secured Claims | Unimpaired | Deemed to accept | 100% |
| Class 3 | Other Unsecured Debt Claims and Guarantee Claims | Unimpaired | Deemed to accept | 100% |
| Class 4 | Intercompany Claims | Unimpaired | Deemed to accept | 100% |
| Class 5 | General Unsecured Claims | Unimpaired | Deemed to accept | 100% |
| Class 6 | JPM L/C Facility Claims | Impaired | Accepted | 100% |
| Class 7 | Canadian Senior Unsecured Note Claims | Impaired | Pending; voting deadline is 11:59 p.m. (prevailing Eastern Time) on November 5, 2009 | 100% |
| Class 8 | Long-Dated Senior Unsecured Note Claims | Entitled to vote Impaired if holders vote to accept the Plan; Unimpaired if holders vote to reject or do not vote on the Plan | Pending; voting deadline is 11:59 p.m. (prevailing Eastern Time) on November 13, 2009 | 94.2%[1] |
| Class 9 | Senior Unsecured Note Claims | Impaired | Accepted | 94.2%[1] |
| Class 10 | Senior Unsecured Term Loan Claims | Impaired | Accepted | 94.2%[1] |
| Class 11 | Senior Unsecured Credit Agreement Claims | Impaired | Accepted | 94.2%[1] |
| Class 12 | Senior Subordinated Note Claims | Impaired | Accepted | 50%[1] |
| Class 13 | Junior Subordinated Note Claims | Impaired | Accepted | 15.4%[1] |
| Class 14 | Subordinated 510(b) Claims | Impaired | Deemed to reject | 0% |
| Class 15 | Old Preferred Interests | Impaired | Deemed to reject | 0% |
| Class 16 | Old Common Interests | Impaired | Deemed to reject | 0% |
| Class 17 | Old Delaware Funding Interests | Unimpaired | Deemed to accept | 0% |
| Class 18 | Other Equity Interests (if any) | Impaired | Deemed to reject | 0% |

[1] Assuming (i) acceptance of the Plan by Class 7 Canadian Senior Unsecured Note Claims, Class 12 Senior Subordinated Note Claims and Class 13 Junior Subordinated Note Claims and (ii) New Common Interests valued at the mid-point of Common Equity Value.

**PLEASE TAKE FURTHER NOTICE** that except as otherwise expressly provided in the Plan or in any contract, instrument, release, indenture or other agreement or document entered into in connection with the Plan, as of the Effective Date the Debtors shall be deemed to have assumed each executory contract and unexpired lease to which a Debtor is a party unless such contract or lease (i) previously was assumed or rejected by the Debtors, (ii) previously expired or terminated pursuant to its own terms, or (iii) is the subject of a motion to assume or reject filed on or before the Confirmation Date. The Debtors shall further be deemed to assume as of the Effective Date all indemnification obligations, whether arising by bylaws, other constituent documents or otherwise, to the Debtors' directors and officers and all such indemnification obligations shall constitute assumed executory contracts. The Debtors reserve the right, at any time prior to the Confirmation Date, to seek to reject any executory contract or unexpired lease to which a Debtor is a party (except as provided in the preceding sentence). The Confirmation Order shall constitute an order of the Bankruptcy Court under sections 365 and 1123 of the Bankruptcy Code approving the contract and lease assumptions described above as of the Effective Date.

<u>Releases, Exculpation and Injunctions</u>

**PLEASE TAKE FURTHER NOTICE** that the Plan contains the following provisions:

*Releases by the Debtors. As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, their Estates and the Reorganized Debtors, and any Person seeking to assert claims or exercise rights of any of the foregoing, shall be deemed to forever release, waive and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities (other than the rights of the Debtors and the Reorganized Debtors to enforce the Plan and the contracts, instruments, releases, indentures and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date, including, to the extent the underlying claims and causes of action are property of Delaware Funding's Estate, the claims and causes of action asserted in the Canadian Senior Unsecured Notes Litigation, in any way relating to the Debtors, the Reorganized Debtors, the Chapter 11 Cases, the Offering Memorandum, the Plan or the Disclosure Statement, and that could have been asserted by or on behalf of the Debtors, their Estates or the Reorganized Debtors, as of the Effective Date against (i) the Debtors' or the Debtors' subsidiaries' members, members of boards of managers, directors and officers (acting in such capacity or as the Debtors' agents or employees), employees, advisors, attorneys, agents or representatives, in each case to the extent acting in any such capacity since May 8, 2009, or any of their successors or assigns (in each case acting in such capacity); (ii) the Steering Committee (in such capacity) and its current members, members of boards of managers, directors and officers (acting in such capacity or as the Steering Committee's agents or employees), employees, equity holders, partners, affiliates, advisors, attorneys, agents or representatives, or any of its successors or assigns (in each case acting in such capacity); and (iii) solely with respect to the JPM L/C Facility or the JPM L/C Facility Agreement, JPM or any other lender under the JPM Facility Agreement (in each case acting in such capacity), <u>provided</u> that nothing in this paragraph shall be deemed to operate as a waiver or release from any causes of action based on willful misconduct, gross negligence, or intentional fraud, in each case as determined by a final order of a court of competent jurisdiction.*

*Releases by Holders of Claims and Interests.  As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim that affirmatively votes in favor of the Plan shall have agreed, solely in its capacity as the holder of such Claim, to forever release, waive and discharge all claims, defenses, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities (other than Unimpaired Claims, claims relating to Unimpaired Claims, and the rights to enforce the Plan and the contracts, instruments, releases, indentures and other agreements or documents delivered thereunder) and including the claims and causes of action asserted in the Canadian Senior Unsecured Notes Litigation against any and all present or future defendants named in the Canadian Senior Unsecured Notes Litigation, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Reorganized Debtors, the Chapter 11 Cases, the Debtors' prepetition restructuring efforts, the Offering Memorandum, the Plan, the Disclosure Statement, or the JPM L/C Facility or the JPM L/C Facility Agreement, against:  (i) the Debtors and the Reorganized Debtors and their respective subsidiaries; (ii) the Debtors' and their subsidiaries' members, members of boards of managers, directors and employees, advisors, attorneys, agents or representatives, officers (acting in such capacity or as the Debtors' agents or employees) in each case to the extent acting in any such capacity since May 8, 2009, or any of their successors or assigns (in each case acting in such capacity); and (iii) the Steering Committee (in such capacity) and its current members, members of boards of managers, directors and officers, employees, advisors, attorneys, agents or representatives (acting in such capacity or as the Steering Committee's agents or employees), or any of its successors or assigns (in each case acting in such capacity), each as of the Effective Date, <u>provided</u> that nothing in this paragraph shall be deemed to operate as a waiver or release from any causes of action based on willful misconduct, gross negligence or intentional fraud, in each case as determined by a final order of a court of competent jurisdiction.  For the avoidance of doubt, nothing herein shall release any non-Debtor party from any contractual obligations.*

*Injunction.  Except as provided in the Plan or the Confirmation Order, as of the Confirmation Date, subject to the occurrence of the Effective Date, all Persons that have held, currently hold or may hold a Claim or other debt or liability that is discharged or an Interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtors or their property on account of any such discharged Claims, debts or liabilities or terminated Interests or rights:  (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any Lien; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtors; and (v) commencing or continuing any action, in each case in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.*

*By accepting a distribution pursuant to the Plan, each holder of an Allowed Claim receiving distributions pursuant to the Plan shall be deemed to have specifically consented to the injunctions set forth in Article XIII.I of the Plan.*

**Exculpation and Limitation of Liability.  The Reorganized Debtors, the Debtors, the Estate, their subsidiaries, any Committee, the Steering Committee and any and all of their respective current or former members, officers, directors, members of boards of managers, employees, equity holders, partners, affiliates, advisors, attorneys, agents or representatives, or any of their successors or assigns, shall not have or incur any liability to any holder of a Claim or an Interest, or any other party in interest, or any of their respective members, officers, directors, managers, employees, equity holders, partners, affiliates, advisors, attorneys, agents or representatives, or any of their successors or assigns, for any act or omission in connection with,**

**relating to or arising out of, the administration of the Chapter 11 Cases, the negotiation of the terms of the Plan, the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for their willful misconduct, gross negligence or intentional fraud as determined by a final order of a court of competent jurisdiction, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities with respect to the Chapter 11 Cases and the Plan.**

Notwithstanding any other provision of the Plan, but without limiting the releases provided in the Plan or affecting the status or treatment of any Claim Allowed pursuant to the Plan, no holder of a Claim or Interest, no other party in interest, none of their respective members, officers, directors, managers, employees, equity holders, partners, affiliates, subsidiaries, advisors, attorneys, agents or representatives, and no successors or assigns of the foregoing, shall have any right of action against the Reorganized Debtors, the Debtors, their Estates, their subsidiaries, any Committee, the Steering Committee or any of their respective current or former members, officers, directors, managers, employees, equity holders, partners, affiliates, subsidiaries, advisors, attorneys, agents or representatives, or any of their successors or assigns, for any act or omission in connection with, relating to or arising out of, the administration of the Chapter 11 Cases, the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for their willful misconduct or gross negligence as determined by a final order of a court of competent jurisdiction.

<u>Hearing on Adequacy of Disclosure Statement and Confirmation of Plan</u>

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held on December 8, 2009 at 11:00 a.m. (prevailing Eastern time), before the Honorable Allan L. Gropper in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004 to consider (i) the adequacy of the information contained in the Disclosure Statement and (ii) confirmation of the Plan (the "Disclosure Statement and Confirmation Hearing"). The Disclosure Statement and Confirmation Hearing may be continued from time to time by announcing such continuance in open court and the Plan may be further modified, if necessary, pursuant to 11 U.S.C. § 1127 prior to, during, or as a result of the Confirmation Hearing, without further notice to parties in interest.

**PLEASE TAKE FURTHER NOTICE** that any objections to the adequacy of the Disclosure Statement or confirmation of the Plan must

- (a) be in writing;
- (b) comply with the Bankruptcy Rules, the Local Bankruptcy Rules and other case management rules and orders of this Court;
- (c) set forth the name of the objector, and the nature and amount of any claim or interest asserted by the objector against the estate or property of the Debtors;
- (d) state with particularity the legal and factual basis for such objection;
- (e) be filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York, together with proof of service thereof; and
- (f) be served by personal service or by overnight delivery, so as to be <u>ACTUALLY RECEIVED</u> no later than 4:00 p.m. (New York City time) on December 1, 2009 by (i) CIT Group Inc., 1 CIT Drive, Livingston,

New Jersey 07039 (Attn: Eric Mandelbaum); (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Attn: Gregg M. Galardi and J. Gregory St. Clair); (iii) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul K. Schwartzberg); (iv) counsel to Bank of America, N.A., as Administrative Agent and Collateral Agent under the Senior Credit Facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Timothy Graulich); (v) Counsel to the Lender Steering Committee, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of Americas, New York, New York 10019-6064 (Attn: Andrew N. Rosenberg and Alice Belisle Eaton); and (vi) counsel to any official committee(s) appointed in these cases.

Only those objections that are timely filed and received will be considered by the Court. **Objections not timely filed and served in the manner set forth above will not be considered and will be deemed overruled.**

### Notice of Final Hearing on Certain "First-Day" Motions

**PLEASE TAKE FURTHER NOTICE** that the Court has scheduled a hearing to consider granting the relief requested by certain "First-Day" motions on a final basis for 2:30 p.m. (prevailing Eastern Time) on November 23, 2009. The objection deadline to the granting of relief for such "First-Day" motions is November 19, 2009 at 4:00 p.m. (prevailing Eastern Time) and objections must be filed and served in accordance with the provisions stated in the related interim order.

### Meeting of Creditors Pursuant to Section 341

**PLEASE TAKE FURTHER NOTICE** that a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code will be held on December 2, 2009 at 2:00 p.m. (prevailing Eastern Time), at 80 Broad Street, 4th Floor, New York, NY 10004. The Debtors' representative, as specified in Rule 9001(5) of the Federal Rules of Bankruptcy Procedure, is required to appear at the meeting of creditors on the date and at the place set forth above for the purpose of being examined under oath. ATTENDANCE BY CREDITORS AT THE MEETING IS WELCOMED, BUT NOT REQUIRED. At the meeting, the creditors may examine the Debtors and transact such other business as may properly come before the meeting. The meeting may be continued or adjourned from time to time by notice at the meeting, without further written notice to the creditors.

Dated: New York, New York
        November 4, 2009