UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
: 
CIT GROUP INC. and : Case No. 09-16565 (ALG)
CIT GROUP FUNDING COMPANY :
OF DELAWARE LLC, :
: 
Debtors. : (Jointly Administered)
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 327(a) AND 328(a), FED. R. BANKR. P. 2014 AND 2016 AND LOCAL BANKR. R. 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION OF EVERCORE GROUP L.L.C. AS INVESTMENT BANKER AND FINANCIAL ADVISOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[1] of the Debtors for entry of an order (the "Order") under sections 327(a) and 328(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1 authorizing the employment and retention of Evercore Group L.L.C. and its affiliates ("Evercore") as investment banker and financial advisor to the Debtors *nunc pro tunc* to the Petition Date, pursuant to the terms set forth in the Application; and upon the Declaration of David Ying, a Senior Managing Director of Evercore, filed in support of the Application, annexed to the Application as Exhibit A (the "Ying Declaration"), and the Court being satisfied, based on the representations made in the Application and in the Ying Declaration, that Evercore is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

09-16565-alg    Doc 133    Filed 11/24/09    Entered 11/24/09 10:23:53    Main Document
Pg 2 of 4

Bankruptcy Code, and, as required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, neither represents nor holds an interest adverse to the Debtors and their estates; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.  The Application is GRANTED as set forth in this Order.

2.  Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain Evercore as their investment banker and financial advisor, as of the Petition Date, on the terms set forth in the Application and the Engagement Letter; *provided*, *however*, that in the event that the Application and the terms of the Engagement Letter are inconsistent, the terms of the Engagement Letter shall control.

3.  Paragraph 7 of the Engagement Letter is amended and shall read as follows:

> Nothing in this Agreement, expressed or implied, is intended to confer or does confer on any person or entity other than the parties hereto or their respective successors and assigns, and to the extent expressly set forth in accordance with the Indemnification Agreement, the Indemnified Persons (as defined in the Indemnification Agreement), any rights or remedies under or by reason of this Agreement or as a result of the services to be rendered by Evercore hereunder. Nothing contained herein shall be construed as creating, or be deemed to create, the relationship of employer and employee between the parties, nor any agency, joint venture or partnership. No party to this Agreement nor its employees or agents shall have any authority to act for or to bind the other party in any way or to sign the name of the other party or to represent that that the other party is in any way responsible for the acts or omissions of such party.

      4.      The terms of the Engagement Letter, including without limitation, the Fee Structure and the provisions of the Indemnification Agreement incorporated by reference into the Engagement Letter, are reasonable terms and conditions of employment and are approved.

      5.      Evercore shall be compensated in accordance with the terms of the Engagement Letter pursuant to the standard of review under section 328(a) of the Bankruptcy Code and not subject to review under section 330(a) of the Bankruptcy Code; provided, however, that Evercore (a) shall only be required to maintain time records for services rendered post-petition, in half-hour increments and (b) shall not be required to provide or conform to any schedule of hourly rates.

      6.      Notwithstanding anything contrary to the terms set forth above, the United States Trustee retains all rights to object to Evercore's interim and final fee applications (including expense reimbursement) on all grounds including but not limited to the reasonableness standard set forth in section 330 of the Bankruptcy Code.

      7.      All requests of Indemnified Persons (as defined in the Indemnification Agreement) for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final, as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, _provided_, _however_, that in no event shall an Indemnified Person be indemnified to the extent that any claim arose or expense has resulted from any such losses finally judicially determined by a court of competent jurisdiction to have primarily resulted from the bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct of Indemnified Persons.

3

8. In no event shall an Indemnified Person be indemnified if the Debtors or a representative of their estates asserts a claim for, and a court determines by final order that such claim primarily arose out of, such person's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

9. In the event that an Indemnified Person seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Evercore's own applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of this Court under the standards of Bankruptcy Code sections 330 and 331 without regard to whether such attorneys have been retained under Bankruptcy Code section 327 and without regard to whether such attorneys' services satisfy Bankruptcy Code section 330(a)(3)(C).

10. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:    New York, New York
          November 23, 2009

                              */s/ Allan L. Gropper*
                              UNITED STATES BANKRUPTCY JUDGE