SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Gregg M. Galardi
J. Gregory St. Clair

Proposed Counsel for Debtors and
 Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re:                                        :   Chapter 11
                                              :
CIT GROUP INC. and                            :   Case No. 09-16565 (ALG)
CIT GROUP FUNDING COMPANY                     :
OF DELAWARE LLC,                              :
                                              :
         Debtors.                             :   (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF FILING OF PAGE TO MODIFIED SECOND AMENDED
PREPACKAGED REORGANIZATION PLAN OF CIT GROUP INC. AND CIT GROUP
FUNDING COMPANY OF DELAWARE LLC**

**PLEASE TAKE NOTICE** that on November 25, 2009, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors")[1] filed revisions (Docket No. 143) (the "Notice of Plan Revisions") to the Second Amended Prepackaged Reorganization Plan of CIT Group Inc. and CIT Group Funding Company of Delaware LLC (the "Second Amended Plan"). Exhibit A to the Notice of Plan Revisions showed the changes to the Second Amended Plan as filed with the Court on November 1, 2009. The Second Amended Plan incorporating the

---

[1] CIT Group Inc. is located at 505 Fifth Avenue, New York, NY 10017. Its tax identification number is 65-xxx1192. In addition to CIT Group Inc., CIT Group Funding Company of Delaware LLC, Case No. 09-16566, is a debtor in these related cases. CIT Group Funding Company of Delaware LLC is located at 1 CIT Drive, Livingston, NJ 07039. Its tax identification number is 98-xxx9146.

changes shown on Exhibit A to the Notice of Plan Revisions is titled the Modified Second Amended Prepackaged Reorganization Plan of CIT Group Inc. and CIT Group Funding Company of Delaware LLC (the "Plan").

**PLEASE TAKE FURTHER NOTICE** that the Notice of Plan Revisions inadvertently omitted the revision to page 41 to the Plan (page B-38 to the Second Amended Plan), and such omitted page is attached hereto as Exhibit 1.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider confirmation of the Plan shall be held before the Honorable Allan L. Gropper, United States Bankruptcy Judge, on **December 8, 2009 at 11:00 a.m. (prevailing Eastern Time)** at the United States Bankruptcy Court, Room 617, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the pleadings filed in these chapter 11 cases can be obtained by using the Bankruptcy Court's electronic case filing system at www.nysb.uscourts.gov using a PACER password (to obtain a PACER password, go to the PACER website, http://pacer.psc.uscourts.gov) or on the website maintained by the Debtors' proposed claims agent at http://www.kccllc.net/citgroup.

Dated: New York, New York
December 1, 2009

      SKADDEN, ARPS, SLATE, MEAGHER
       & FLOM LLP

    By:    */s/ Gregg M. Galardi*
        Gregg M. Galardi
        J. Gregory St. Clair
        Four Times Square
        New York, New York 10036
        (212) 735-3000

        Proposed Counsel for Debtors and
         Debtors-in-Possession

# EXHIBIT 1

603352.02-Wilmington Server 1A - MSW

been reached to Allow such Claim, the Disbursing Agent shall provide to the holder of such Claim the distribution to which such holder is entitled under the Plan. Notwithstanding the foregoing, the Disbursing Agent shall not be required to make distributions more frequently than once every ninety (90) days.

**D.** **Reservation of Right to Object to Allowance or Asserted Priority of Claims**

Nothing herein will waive, prejudice or otherwise affect the rights of the Debtors, the Reorganized Debtors or the holders of any Claim to object at any time, including after the Effective Date, to the allowance or asserted priority of any Claim.

# ARTICLE VII

## TREATMENT OF CONTRACTS AND LEASES

**A.** **Assumed Contracts and Leases**

Except as otherwise expressly provided in the Plan or in any contract, instrument, release, indenture or other agreement or document entered into in connection with the Plan, as of the Effective Date the Debtors shall be deemed to have assumed each executory contract and unexpired lease to which a Debtor is a party unless such contract or lease (i) previously was assumed or rejected by the Debtors, (ii) previously expired or terminated pursuant to its own terms, ~~or (iii~~(iii) is listed on Exhibit H hereto or (iv) is the subject of a motion to assume or reject filed on or before the Confirmation Date. The Debtors shall further be deemed to assume as of the Effective Date all indemnification obligations, whether arising by bylaws, other constituent documents or otherwise, to the Debtors' directors and officers and all such indemnification obligations shall constitute assumed executory contracts. The Debtors reserve the right, at any time prior to the Confirmation Date, to seek to reject any executory contract or unexpired lease to which a Debtor is a party (except as provided in the preceding sentence). The Confirmation Order shall constitute an order of the Bankruptcy Court under sections 365 and 1123 of the Bankruptcy Code approving the contract and lease assumptions described above as of the Effective Date.

Each executory contract and unexpired lease that is assumed and relates to the use, ability to acquire or occupancy of real property shall include (i) all modifications, amendments, supplements, restatements or other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affect such executory contract or unexpired lease and (ii) all executory contracts or unexpired leases appurtenant to the premises, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, powers, uses, usufructs, reciprocal easement agreements, vaults, tunnel or bridge agreements or franchises, and any other interests in real estate or rights in rem related to such premises, unless any of the foregoing agreements has been rejected pursuant to an order of the Bankruptcy Court or is the subject of a motion to reject filed on or before the Confirmation Date.

**B.** **Treatment of Change of Control Provisions**

The entry of the Confirmation Order, consummation of the Plan, issuance of the New Common Interests and/or New Notes under the Plan and/or any other acts taken to implement the Plan shall not constitute a "change in control" under any provision of any contract, agreement or other document which provides for the occurrence of any event, the granting of any right, or any other change in the then-existing relationship between the parties upon a "change in control" of the Debtors.

---

42  DeltaView comparison of pcdocs://wilsr01a/598486/1 and pcdocs://wilsr01a/598486/14. Performed on 12/1/2009.