Honorable Judge Allan L. Gropper
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408



Dear Judge Gropper,

I own 7000 common shares of CIT Group. I wish to make a case for modifying the terms of the pre-packaged bankruptcy agreement approved by a majority of the bondholders.

As specified in the October 2 solicitation offer from CIT to the bondholders, common shareholders would own 2.5% of the company if the exchange offers were approved (restructuring) but nothing in the event of a pre-packaged bankruptcy (reorganization). Given that assets of CIT are greater than liabilities, and given that stockholders did not vote for the pre-packaged bankruptcy, I think stockholders are entitled to a share of the new company along with the bondholders.

Of course I understand that bondholders have priority over stockholders when assets are distributed in conventional bankruptcy proceedings. But this bankruptcy was pre-packaged...bondholders, but not shareholders, had the option to reject or accept the pre-packaged bankruptcy being proposed. The rail and aircraft leasing units could have been sold and used for the benefit of stockholders....either to improve the balance sheet and possibly qualify CIT Group factoring operations for FDIC backing, or else to provide a source of money to pay notes coming due until the company could be wound down profitably. While I do not pretend to know whether either of these scenarios would have been viable alternatives for the company, I do know that under the pre-packaged bankruptcy proposal, these leasing assets will be handed over to the bondholders...because the stock of the new company will be owned by them. I think it is totally inappropriate that the bondholders, in response to the October 2 exchange offer, were given the choice of either allowing current shareholders to own 2.5% of the company (restructuring) or else voting for reorganization, effectively keeping this 2.5% stake for themselves.

I request you to award current shareholders a 2.5% ownership stake in the new company. As a shareholder, I believed that the Board of Directors would act in my best interests. I therefore had reason to believe that either the exchange offer would be approved, giving me a 2.5% stake, or the Board would not vote for the pre-packaged bankruptcy. News stories indicated that a bankruptcy was likely, but these stories were based on unnamed sources and it seemed reasonable to suppose that these stories represented purposeful misinformation. Given how events unfolded, I must assume that the Board was coerced to act solely in the interests of the bondholders who supplied 7.5 billion in financing. Presumably the Board members decided it was more important to save the company, and to preserve both the 7300 jobs of its employees and the stability of the American economy rather than carry out their fiduciary responsibility to the shareholders they represented. If so, I think they made the right choice. But you, Judge Gropper, have the opportunity to correct this injustice without affecting the future viability of this company which is so important to the health of our small and medium-sized businesses.

Sincerely,

Dmitri Maxim

316-1040 King Albert Ave
Coquitlam BC
Canada

(604)418-5964