The Honorable Judge Allan L. Gropper
UNITED STATES BANKRUPTCY COURT
Southern District of New York
One Bowling Green
New York, NY 10004-1408



RECEIVED

U.S. BANKRUPTCY COURT
SO DISTRICT NEW YORK

November 20th, 2009

Re: Case No. 09-16565, CIT Group Bankruptcy

Dear Judge Gropper;

Your honour, I am a individual investor who holds around 70,000 of CIT Group's preferred A series shares, at roughly $1 book value. I admit that I "over invested" in this one stock, and if I were to liquidate them now I would lose a significant portion of my investment portfolio. I will try to keep this short and to the point, as I know this bankruptcy is being "fast tracked" (although this hurts the equity holders greatly), and it needs to be completed before the end of the year.

It looks like my investor grade "classmate" is not going to fight this and with them silently nodding their head in approval, my equity stake is most likely going to be wiped out. I find this attitude surprising, as CIT's recent 10Q shows $2B in common equity, even after all of our preferred stakes are paid in full and goodwill has been eliminated.

I bought these shares because CIT is one of the few banks that invest in student loans. One of the leading bondholders of CIT recently criticized the board for having such a large stake in these "bad assets", and ultimately that is why they had to file for bankruptcy. Being a person that had a student loan in the past (but ultimately paid it back), I can attest to them being 'riskier' than other assets.

These leads me to a proposal I have that is radical and unorthodox, but in these interesting times, maybe thinking outside the box is what is needed. I propose that we come to an arrangement where I take over a portion of these "bad assets" in exchange for my stock ('par' for 'par' or reasonable discount?). Ideally all of my classmates would join in, and we could then form a company that would try to recover these student loans for us. I realize this is a long shot, as it states in the 10Q that these "borrowings and pledged assets" are "intended to be bankruptcy remote". The current prepackage CVRs hold little value, and in my eyes accepting the prepackage as outlined (while showing $2B in common equity), would set a very unusual precedence.

I sincerely thank you for taking your time to read this letter. I realize this is a complicated case and you are under tremendous pressure to deal with it fairly and quickly.

Sincerely

Stephen Noftall

705 Athol St
Regina, SK, Canada S4T-3B4
Ph: (306) 501-1197
stephenn1@gmail.com