UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                      :
In re:                                                 :           Chapter 11
                                                     :
CIT GROUP INC.,                         :           Case No. 09-16565 (ALG)
                                                     :
                     Reorganized Debtor.    :
                                                     :
---------------------------------------------------------- x

**FINAL DECREE PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a)
AND 350(a) AND BANKRUPTCY RULE 3022 CLOSING CHAPTER 11 CASE**

Upon the motion (the "Motion")[1] of Debtor CIT Group Inc. ("CIT" or the "Debtor") for entry of a final decree under sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3022-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), closing its case (case no. 09-16565), and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.        The Motion is granted.

2.        Pursuant to 11 U.S.C. § 350(a), this Bankruptcy Case is hereby closed.

3.        The Clerk of Court shall mark the dockets for case no. 09-16565 as closed.

4.        The Court retains the right under 11 U.S.C. § 350(b) to reopen the Bankruptcy Case if circumstances so require.

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

5. This Order is without prejudice to any parties' right to seek to re-open the Bankruptcy Case.

6. The appointment and services of Kurtzman Carson Consultants LLC ("KCC") as the claims, noticing and balloting agent in the Bankruptcy Case (the "Claims Agent"), shall be terminated effective twenty (20) days from the entry of this Order. KCC, as Claims Agent, shall prepare final claims registers for the Clerk's office pursuant to the Guidelines for the Implementation of 28 U.S.C. § 156(c) and shall box and transport claims to the Federal Archives or to such other place as the Clerk's office directs pursuant to the Guidelines. KCC is authorized to shred or otherwise dispose of all noticing and other documents that have been returned by the post office as undeliverable mail.

7. The Debtors shall pay to the United States Trustee any quarterly fees which are due and payable pursuant to 28 U.S.C. § 1930(a)(6) within 10 days of such fees being due.

8. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order and the Plan.

Dated: New York, New York
December 27, 2013

s/Allan L. Gropper
THE HONORABLE ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE